## FLETCHER v. CHURCH.

Under Comp. Laws, § 4891, authorizing a change of venue for the convenience of witnesses, but not prescribing the procedure, defendant's motion therefor is properly granted, in the absence of any denial of the facts set forth by him as to the convenience of witnesses, or an objection on the part of the only co-defendant who has appeared in the action, but who was not served with notice of the motion, and did not appear at the hearing, and who defendant swears was made such collusively, in order that plaintiff might control the venue.

(Opinion filed April 13, 1899.)

Appeal from circuit court, Minnehaha county.   Hon. JOSEPH W. JONES, Judge.

Action by H. G. Fletcher against W. D. Church and others.   From an order granting defendant Church a change of venue, plaintiff appeals.   Affirmed.

The facts are stated in the opinion.

*F. L. Rowland* and *Rochford & McMahon,* for appellant.

*James Brown,* for respondent.

FULLER, J.   Plaintiff appeals from an order granting the application of the defendant Church for a change of the place of trial from Minnehaha county to Brule county, his place of residence, and that of his material witnesses; and the only point urged for a reversal is that the defendant Berndt, an alleged guarantor of the promissory notes, made the basis of the action, and a party who appears to have answered before the order was granted, was not served with notice of the motion, and did not appear at the hearing.   The summons was not served on defendant Baker, who, it is alleged, executed the notes jointly with respondent, Church, nor has he in any man

ner appeared in the action. The statute (Comp. Laws, § 4891) authorizes the court to change the place of trial "when the convenience of witnesses and the ends of justice would be promoted by the change." No special mode of procedure is designated by the statute, where convenience of witnesses is the ground upon which the application is made; and a finding that cause for a change exists will not be disturbed, but for manifest abuse of discretion. It is the duty of the court to look to the affidavits, as well as the issues to be tried, and determine, upon the entire showing made, in which of the two courts a trial will be most accessible to the greatest number of witnesses whose personal attendance the parties may require, and reasonably expect to obtain. King v. Vanderbilt, 7 How. Prac. 385. Appellant, who alone resisted the motion, in no manner attempted to question respondent's showing with reference to the convenience of witnesses, and relied wholly upon the fact, that, since this application was made, the defendant, Berndt, who is alleged to be a fictitious person, had filed an answer in which he "admits that he signed the guaranty on the back of the notes in suit, but alleges that he has no knowledge, or information sufficient to form a belief, as to whether or not the said W. D. Church and Frank W. Baker ever executed the same." The defense upon which respondent relied was the breach of an express warranty of the machinery in settlement for which he executed certain notes, the exact tenor of which he is unable to state, and demands proof of the same. While a defendant cannot insist upon a change to which a co-defendant, equally interested, objects, it would seem that a court may grant such relief, on a proper showing, not controverted, although some of the defendants have not

joined in the application.    Benedict v. Hibbard, 5 Hill, 509; Holm v. Colman, 89 Wis. 233, 61 N. W. 767; Wolcott v. Wolcott, 32 Wis. 63; Sherman v. Gregory, 42 How. Prac. 481. In the absence of any denial of the facts specially set forth by respondent in relation to the convenience of witnesses, or an objection upon the part of the only co-defendant who has appeared in the action, and who respondent swears was made such collusively, in order that appellant might control the venue, we cannot say that the motion should not have prevailed; and the order appealed from is affirmed.