## BRINK v. WHISLER.

Under Sup. Ct. Rule 4, requiring an appeal to be heard at the next succeeding term after it is perfected, if the notice of appeal be served 30 days before the first day of such term, and even where the service is less than 30 days. if respondent insists on a hearing, rules 12 and 14, requiring appellant's abstract and brief to be served not less than 20 days before the first day of the term at which any civil cause may be heard, and Rev. Code Civ. Proc. § 443, rule 7, requiring the clerk of the court from which an appeal is taken to transmit forthwith to the Supreme Court, at the expense of appellant, on the appeal being perfected, the required record, an appeal perfected 70 days before commencement of the term will, on motion, be dismissed, the record having been received too late to have the cause assigned for argument during the term, an abstract not having been served or filed till still later, and no brief having been served or filed, and no attempt having been made to excuse the delay, but appellant having contended that he was not required to serve or file his abstract or brief till 60 days after entry of the order appealed from.

It cannot be objected to dismissal of an appeal that the motion for dismissal did not specify as ground therefor failure to prosecute the appeal with due diligence, the order to show cause being based on an affidavit setting forth the facts entitling respondent to the relief sought, and being sufficient notice to appellant.

(Opinion filed, December 21, 1906.)

Appeal from Circuit Court, Hughes County. Hon. LORING E. GAFFY, Judge.

Action by A. C. Brink against Blanche Whisler. From an order, plaintiff appeals. Dismissed.

*Byron S. Payne* and *John Sutherland,* for appellant. *Gaffy & Stephens,* for respondent.

HANEY, J. This appeal is from an order dissolving a temporary injunction. Assuming the notice to be sufficiently definite as to the order appealed from, it was taken and perfected not later than July 21, 1906, more than 70 days before the beginning of the present term. Though an appellant may delay the taking of an appeal until near the close of the period allowed by the statute, as soon as it is perfected the jurisdiction of this court attaches and he must prosecute such appeal with reasonable diligence, according to its rules, which require it to be heard at the next succeeding term if the notice be served 30 days before the first day of such term, and even where the service is less than 30 days, if the re-

spondent insists upon a hearing. Rule 4. An appellant's abstract and brief are required to be served "not less than 20 days before the first of the term at which any civil cause may be heard." Rules 12, 14. It is, therefore, an appellant's duty forthwith to prepare, serve, and file his abstract and brief, and, if there is not sufficient time between the perfecting of the appeal and the time when such abstract and brief are to be filed, in which to prepare, serve, and file the same, he should obtain consent of opposing counsel or an order of this court for an extension. Upon an appeal being perfected, the clerk of the court from which the appeal is taken shall, at the expense of the appellant, forthwith transmit the required record to this court. Rev. Code Civ. Proc. § 443; Rule 7. In the case at bar the record was received September 19, 1906, too late to have the cause assigned for argument during the present term. In the absnce of any showing to the contrary it must be assumed that the failure to comply with this requirement was due to want of proper diligence on the part of the appellant. On September 25th, an abstract entitled in the April, 1907, term, was served; lt was filed October 2d, but no brief has been served or filed. "When the records and undisputed facts show that full and ample time has elapsed, before the opening of a term of this court, since taking and perfecting an appeal, to have had all the requirements of the statute, and rules of this court complied with, and when no diligence has been used, nor good or sufficient cause shown why this has not been done on the part of the appellant, the appeal will be dismissed, upon proper motion by the respondent." Citizens' Bank v. Crouch, 3 S. D. 410, 53 N. W. 862. There was ample time between the perfecting of this appeal and the opening of the present term in which to have complied with the requirements of the statute and the rules of this court. No attempt has been made to excuse the delay; on the contrary appellant contends that he was not required to serve or file his abstract or brief before the expiration of 60 days after the order appealed from was entered. As has been shown, such contention is clearly untenable. Nor is the objection well taken that failure to prosecute the appeal with due diligence is not specified as a ground of respondent's motion to dismiss. The order to show cause, issued by this court, is based on

an affidavit setting forth the facts which entitle respondent to the relief sought and was sufficient notice to the appellant. If taken by surprise he should have asked for further time in which to have shown good cause for delay, if such a showing were possible. The appeal is dismissed.

FULLER, P. J., took no part in this decision.