## MERRILL v. MINNEAPOLIS & ST. L. RY. CO.

Supreme. Court rules allow appellant 30 days after notice of appeal, unless a bill of exceptions or statement is yet to be settled, and in such case 30 days after settlement, to serve and file his abstract and brief; but the court may, in its discretion, upon terms, allow any act to be done after the time limited, or enlarge such time. An affidavit in support of a motion by appellant to enlarge the time within which to serve and file its abstract and brief alleged that the term of the court in the county in which affiant, who was a member of the firm representing appellant, resided, closed the day before the notice of appeal and undertaking were filed, said court having been in session about three weeks, and affiant and his firm having been in court all that time, that since said time affiant had been engaged in terms of court in eight different counties, that at the trial 186 pages of testimony were taken, and that the abstract would contain from 125 to 150 pages, and the brief was in course of preparation, that because of the press of business it had been impossible to prepare and serve the brief and abstract within 30 days, that the application was not made for delay, and that the

action involved a large amount of money and important questions of law. So far as the record showed, one of the firm had not been engaged in work after the appeal was taken, and there was no showing when the work on the abstract and brief had been commenced, nor as to what time had been given thereto. **Held**, that the facts shown did not, under the rules, excuse the failure to serve and file the abstract and brief within the time fixed, but that notwithstanding this the court recognized that some leniency should be extended until attorneys had had time to become thoroughly conversant with the rules, which were new, and the time would be enlarged on terms.

The failure of appellant to serve and file his abstract and brief within the time limited by Supreme Court rules is not excused by the fact that the printer working upon the abstract had been so crowded with other work that he had been unable to get it out rapidly, without a showing that there were no other printers who could do the work.

(Opinion filed, June 4, 1910.)

Appeal from Circuit Court, Codington County. Hon. GEORGE H. MARQUIS, Judge.

Action by Helen S. Merrill against the Minneapolis & St. Louis Railway Company. Judgment for plaintiff, and defendant appeals. Motion by defendant to extend the time within which to serve and file its abstract and brief upon appeal. Motion granted upon terms.

*Case & Shurtleff,* for appellant. *Sherin & Sherin,* for respondent.

WHITING, P. J. This cause is before us upon appellant's motion asking this court to extend, until July 1, 1910, the time within which it shall serve and file its abstract and brief upon appeal. Affidavits have been presented both in spport of and in opposition to such motion. This court on February 23, 1910, adopted a new set of rules, and the same went into effect March 7, 1910. Under such rules an appellant has "thirty days after notice of appeal, unless a bill of exceptions or statement of the case is yet to be settled at time of notice of appeal and, in such case, * * * thirty days after settlement of such bill of exceptions or statement of the case," to serve and file his abstract and brief; and "the court may, in its discretion, and upon such terms as may be just, allow any act to be done, after the time

limited by these rules, or, by an order, enlarge such time." Appeal was taken herein upon March 24, 1910. Counsel for appellant concede that they were advised of the new rules on or about April 1, 1910. About May 13, 1910, appellant made an ex parte application to this court for an order enlarging its time for serving and filing its abstract and brief, and it was directed to either procure a stipulation for such enlargement of time, or bring the matter before the court upon an order to show cause. It is upon the return of order to show cause that this motion is before us.

From the affidavits presented it appears that this cause was tried December 31, 1908; that the bill of exceptions was not settled until January 20, 1910; that a motion for new trial was overruled on February 14, 1910, and appeal was taken March 24, 1910. Respondent's attorney in his affidavit sets forth facts which, it is claimed, show an intent and desire upon the part of the appellant to delay the final determination of this cause; but, so far as they are urged as showing unwarranted delay prior to the taking of the appeal herein, they are not properly before us, as that was a matter entirely within the province of the trial court to pass upon. The sole questions for our determination are: Whether appellant has been diligent since the taking of this appeal; and, if not, whether he shall be allowed to serve and file an abstract and brief in this court.

The only grounds upon which appellant bases its prayer for relief are found in the following portion of the affidavit presented herein: "The term of circuit court in and for Codington county, where affiant resides, had just closed the day before the said notice of appeal to Supreme Court and undertaking in the above-entitled action were filed in the office of the clerk of court in and for Codington county, said court having been in session for about three weeks, and affiant and the said firm of Case & Shurtleff had been in court during all of the said time, trying matters properly coming before said court at said term, and since said time affiant has been engaged in terms of court in eight different counties in this state; that at the trial of said action 186 pages of testimony were

taken, and the abstract in said action, which has now been prepared and is in the hands of the printer, will be from 125 to 150 pages long, and the brief in said action is in preparation and will shortly be placed in the hands of the printer; that by reason of the press of business of affiant and the said firm of Case & Shurtleff it has been impossible for said firm of Case & Shurtleff to prepare and serve the said brief and abstract in the above-entitled action within the period of 30 days subsequent to the time of the filing of the notice of appeal and undertaking, as required by the rules of the Supreme Court adopted February 23, 1910; that if the said defendant can have until the 1st day of July, 1910, in which to prepare and serve and file its abstract and brief in said action the said abstract and brief can be so prepared and filed within that time; that this application is not made for the purpose of delay, but that justice may be done on said action; that by reason of the short time allowed defendant after the filing of the notice of appeal and undertaking in the above action, and the large amount of work necessary to be done by the firm of Case & Shurtleff, attorneys for defendant and appellant, and by reason of the members of said firm having to be away attending terms of court in other counties, it would have been impossible to have prepared said abstract and brief and done justice to the said defendant in their preparation; that the said action involves some important propositions of law, and a large amount of money is involved, to-wit, the sum of $2,000, and the interest of justice require that said case be thoroughly prepared and submitted to this court for its consideration."

In preparing the present rules of court and fixing therein the time for serving and filing abstracts and briefs, this court acted advisedly, well knowing that in the great majority of cases 30 days was ample time for the preparation of such records. At the same time it was recognized that there would, at times, be exceptional cases where, either owing to the volume of testimony submitted upon the trial, the great number and intricacy of the law questions involved, sickness, or other unforeseen causes, appellant would need an extension of time for preparation of ab-

stract and brief upon appeal. This case, however, falls far short of coming within any of these exceptions. We congratulate counsel for appellant upon the extent of their practice, and, knowing them as we do, we know that their ability merits their success; but we desire to take this opportunity of impressing upon the bar of this state the view of this court, that having work to do in the inferior courts of this state should never be urged, and can never be received, as an excuse for neglecting work before this court. This applies with special force to an appellant who, dissatisfied with the judgment of the trial court—which judgment until reversed is presumed to be correct—compels his opponent to meet him again before the appellate court. Unless appellant's counsel can diligently prosecute such appeal, they should turn the labor over to those who can and will. It will be noticed that, so far as the record before us shows, one of the firm of counsel for appellant was not engaged in work during any of the time since this appeal was taken. There is no showing as to when work on the abstract and brief was commenced, nor as to what time has been given thereto. In another affidavit, offered in rebuttal, it is claimed that the printer, who is working upon the abstract, is so crowded with other work that he is unable to get the abstract out rapidly. This does not seem to us to justify appellant's delay without showing that there are no other printers who can do the work.

Appellant urges that no injury can come to respondent through the delay for the reason that the abstracts and briefs will be ready long prior to the opening day of the next term of this court and that the hearing of this case will not be delayed. A careful reading of the rules of this court will show that they are founded upon the idea that an appeal should be kept moving from its inception. Under these rules, if there is any unjustifiable delay prior to the final submission of the cause to the court, such delay is chargeable solely to the attorneys representing the parties to the appeal. We would especially call attention to the fact that, as soon as all briefs are submitted, if there is no request for oral argument, a cause may be decided at any time without

notice; and, even where oral argument is desired, the court need not wait until the coming term before hearing the cause, but may take it up, for such oral argument, at any time upon 20 days' notice.

The public is prone to criticise the courts for delay, and no doubt delay in the determination of causes in our courts is one of the most serious evils affecting the judicial administration of the law. This cause well illustrates the fact that such delays are not always chargeable to the appellate courts, and can frequently be traced to the attorneys in the cause. We ask the bar to assist us in rooting out this evil, and we believe we have put into force a set of rules that will make it possible, and we trust the bar will cheerfully comply, not only with the letter, but also with the spirit, thereof. This we expect and feel that we should demand.

While we are of the opinion that the appellant has presented no facts which, under our present rules, would justify or excuse its failure to prepare its abstract and brief within the time fixed by such rules, still we recognize that some leniency should be extended until attorneys have had time to become thoroughly conversant with such rules and to recognize the features which distinguish these rules from our former rules. Under the prior rules of this court, the time for service and filing of abstracts and briefs dated from the opening day of the coming term, and, as a result, a practice grew up among the members of the bar of neglecting preparation of such abstracts and briefs until the last moment permissible before such term, though this court has always discouraged such delay in preparation by requiring the practitioners to be ready at the time fixed in such rules. Citizens' Bank, etc., v. Crouch et al., 3 S. D. 410, 53 N. W. 862; Brink v. Whisler, 21 S. D. 126, 110 N. W. 94. By our new rules we are seeking to make unwarranted delays in appeals impossible.

We think therefore that appellant should be allowed to serve and file its abstract and brief at any time prior to July 1, 1910, but only upon paying as terms the sum of $100, to be paid to counsel for respondent, whose receipt for the same shall be filed in this court with such abstract and brief.

Let order issue accordingly.

CORSON, J. (concurring specially). I concur in the extension of time in this case, but am of the opinion that the showing made by the appellants was sufficient to authorize the extension without the imposition of any terms and I am therefore unable to concur in the views of a majority of the court in requiring the appellants to pay to counsel for the respondent $100.