## IVANUSCH v. GREAT NORTHERN RY. CO.

Under Code Civ. Proc. § 102, prescribing the venue in civil actions, the right of a defendant to have the place of trial changed to the proper county is absolute if the demand and motion therefor are duly made.

The court cannot retain a civil case in a wrong county on the ground of the convenience of witnesses.

"A proper county," as used in Code Civ. Proc. § 102, and Laws 1905, c. 82, relating to venue and change of venue in civil cases, means the place of trial prescribed by the statute, independent of any question of convenience of witnesses, or waiver or consent of parties and the county which, under the statute may lawfully be designated in the complaint when it is filed.

Code Civ. Proc. § 101, so far as it regulates the place of trial in civil cases, makes no distinction between defendants who are natural persons and corporations.

A foreign corporation does not reside in any county of the state within the meaning of Code Civ. Proc. § 101, relating to venue in civil actions.

In a civil action where the defendant corporation has no residence in the state, the proper county for trial, under Code Civ. Proc. § 101, providing that where none of the defendants reside in the state the action may be tried in any county designated by plaintiff in the complaint, subject to the power of the court to change the venue in the cases provided by statute, is the county designated in the complaint.

(Opinion filed, October 4, 1910.)

Appeal from Circuit Court, Deuel County. Hon. GEORGE H. MARQUIS, Judge.

Action by John Ivanusch against the Great Northern Railway Company. Defendant appeals from an order denying its motion for a change of venue. Order affirmed.

*C. H. Winsor,* for appellant. *C. A. Mead,* for respondent.

HANEY, J. In this action to recover damages caused by the alleged negligence of the defendant in connection with a shipment of freight from Argyle, Minn., to Watertown, in this state, the summons and complaint were served on defendant's duly appointed and authorized agent to accept service of process in this state, in Minnehaha county, where such agent resided. Deuel county was designated in the complaint as the place of trial. The defendant in due time demanded a change to Minnehaha as the proper county. The plaintiff declined to consent, and the defendant moved the court to order the change demanded. It appeared from an affidavit read in support of this motion that defendant's railroad does not run in or through Deuel county, and that it has no station or agent within that county. On the hearing of the motion, an affidavit was read on behalf of the plaintiff tending to show that the convenience of witnesses and the ends of justice would be promoted by retaining the cause in Deuel county. In civil cases the right of a defendant to have the place of trial changed to the proper county is absolute if the demand and motion therefor are duly made, and the court cannot retain the case in a wrong county on the ground of the convenience of witnesses. Code Civ. Proc. §§ 101, 102; Laws 1905, c. 82; Smail v. Gilruth,

8 S. D. 287, 66 N. W. 452; George v. Kotan, 18 S. D. 437, 101 N. W. 31. By "a proper county" is meant the place of trial prescribed by the statute independently of any question as to convenience of witnesses, waiver or consent of parties, any county which, under the statute relating to the place of trial of civil actions, may lawfully be designated in the complaint when it is filed. The pertinent provisions of the statute relating to the place of trial of civil actions are as follows: "In all other cases the action shall be tried in the judicial subdivision in which the defendant or defendants or any of them shall reside, or may be served at the commencement of the action; * * * or if none of the defendants shall reside in the state the same may be tried in any county which the plaintiff shall designate in his complaint, subject, however, to the power of the court to change the place of trial in the cases provided by statute." Code Civ. Proc. § 101; Comp. Laws 1887, § 4890. The statute, so far as it regulates the place of trial in civil cases, makes no distinction between defendants who are natural persons and those which are corporations. . So, in actions such as the one at bar, if the defendant does not reside in this state, the proper county is the one designated in the complaint. Clearly in this instance, the defendant, conceded to be a foreign corporation, did not reside in any county of this state within the meaning of the provisions of the statute relating to the place of trial in civil actions.

Therefore, the county designated in the complaint was the proper county. The learned circuit court did not err in denying defendant's motion; and its order should be affirmed.