## LA PENOTIERE v. KELLAR.

Appellant may be relieved from a failure to file and serve his abstract and brief on the appeal within thirty days after service of notice of appeal, where he was prevented from doing so by a series of misfortunes overtaking and practically overwhelming his attorney.

Code Civ. Proc. § 445, provides that, to render an appeal effectual for any purpose, an undertaking must be executed on the part of the appellant by at least two sureties, and section 461 declares that when a party shall, in good faith, give notice of appeal and shall omit, through mistake or accident, to do any other act to perfect the appeal or make it effectual, including the giving of a proper undertaking for costs and damages, the court, from which the appeal is taken or the presiding judge thereof or the Supreme Court or any one of the justices; may permit an amendment, or the proper act to be done, including the giving of an undertaking in such terms as may be just. **Held** that, where an appellant failed to serve an undertaking in time, such omission could be waived by respondent without an application by appellant for relief under section 461, and was waived by respondent's acceptance thereof, which acceptance was effectual to confer appellate jurisdiction.

(Opinion filed, January 17, 1912.)

Appeal from Circuit Court, Fall River County. Hon. LEVI McGEE, Judge.

Action by Emma M. La Penotiere against Chambers Kellar. Judgment for defendant, and plaintiff appeals. On order to show cause why the appeal should not be dismissed. Order dismissed.

*Elmer R. Juckett,* for appellant. *Martin & Mason, Eastman & Dudley,* and *C. E. De Land,* for respondent.

WHITING, J.  This case comes before the court upon an order to show cause why the appeal herein should not be dismissed, and respondent urges two reasons for such dismissal.

[1]  One reason urged is because appellant failed to serve and file his abstract and brief upon the appeal within 30 days after service of notice of appeal; there being a rule of this court requiring such service within such time, unless, through stipulation or order, such time has been extended.  There is, however, another rule of this court under which, for good cause shown, this court may relieve an appellant from his default in this respect. Without setting forth the facts shown by the affidavits submitted, we will state that it clearly appears to this court that, owing to a series of misfortunes overtaking and practically overwhelming his attorney, there existed ample reason why appellant should be relieved from such default, especially as it appears that such abstract and brief were served and filed within a very few days after the expiration of the 30-day limit.

[2]  Respondent urges as another reason for dismissal that this court has never acquired jurisdiction owing to the fact that the undertaking upon appeal was not served until a few days after the service of the notice of appeal.  Respondent relies upon the decision of this court in the case of Aldrich v. Public Opinion Pub. Co., 27 S. D. 589, 132 N. W. 278.  In the Aldrich Case no undertaking was ever served, and the appellant took no step to be relieved from his default until after the expiration of the statutory period during which he was entitled to appeal such case.

In the present case the undertaking was served and service thereof accepted by respondent well within the period within which the case could be appealed.  A careful reading of the Aldrich Case will show that the order which may be granted, by either the circuit or the Supreme Court, under section 461 of the Code of Civil Procedure, does not in itself confer jurisdiction upon the appellate court; but that the effect of such an order is merely to relieve the appellant from his default in not serving his undertaking, together with the notice of appeal, and to allow the service thereof after such notice has been served.  It is the service

of such undertaking that confers jurisdiction upon the appellate court. A proceeding under section 461 is simply for the purpose of obtaining permission to serve a bond, the service of which will perfect the appeal. While it is true that in the Aldrich Case we stated, "But that, whenever he desires to avail himself of a notice of appeal served when there has not been a compliance with section 445, his one remedy is to move, under section 461,. either before this or the trial court, or a judge of one of such courts, and procure from such court or judge the requisite order restoring to him the right which he has lost, which order together with the bond and proof of service thereof, showing a compliance with such order, when presented to this court, together with the notice of appeal, will give to this court jurisdiction of the appeal," yet it was not meant thereby to hold that the respondents could not waive the necessity of procuring an order under such section 461, but rather to lay down the law as to the methods open to appellant and which he was entitled of right to pursue. The law never requires a useless act, and therefore, if a respondent believes the failure of an appellant to serve an undertaking to have been the result of excusable neglect, and, instead of requiring appellant to procure an order under section 461, sees fit to waive the same by accepting the service of that which confers jurisdiction upon the appellate court, it certainly is true that by such act he confers full jurisdiction upon such court exactly as though such service of undertaking had been made after and based upon an order procured under section 461.

The order to show cause is therefore dismissed, but, inasmuch as we are relieving appellant from his default in making timely service and filing of abstract and brief, the dismissal of such order to show cause should be, and is, without costs to either party.