CONGER, Respondent, v. LA PLANT, Appellant.

(153 N. W. 1006.)

(File No. 3839.    Opinion filed September 22, 1915.)

**Appeals—Failure to File Brief—Relief from Default—Grounds, "Other Urgent Legal Business"—Rehearing on Merits.**

Judgment below having·been affirmed for appellant's default in service of brief, he applied for rehearing to be considered on the merits of the appeal; one counsel's affidavits as to grounds stating· that he was engaged by appellant to prepare and present a motion for new trial, and afterwards to appeal the cause; that his failure to prepare and file brief was due to his inability, because of "other urgent and important legal business," and that since denial of said motion he has been almost constantly "engaged in the trial of other important cases," that when not otherwise engaged he was preparing such brief, and hoped and expected, up to almost the time limit for such filing, to be able, etc.; but failed to state the nature of the "important business," or in what courts he was so otherwise engaged, yet swears he needs 30 days to prepare such brief; the other counsel of record stating he had "never been engaged to prepare, serve, or file appellant's brief herein, and has never assumed the responsibility of so doing;" **held,** that the default will not be set aside, since the Supreme Court will refuse to accept, as an excuse for failure of an attorney to properly care for a cause on appeal, the plea that he has been too busy in other courts to attend to such appeal, except in exceptional cases, and upon the Court's being fully advised as to nature of the matter, the court, if any, in which it was pending, the relations of time of such other employment to the time given for preparation of the brief, the reason why counsel felt required to attend to such other matter, etc.

McCoy, P. J., and Smith, J., not sitting.

Action by C. M. Conger against George La Plant.    On petition for rehearing, and to be relieved from default in serving and filing brief of appellant.    Petition denied.

For former opinion, see, 153 N. W. 934.

G. M. *Caster,* and *F. B. Morgan,* for Appellant.

*French & Orvis, and Scoblic & French,* for Respondent.

PER CURIAM. Appellant being in default in the service of his brief upon appeal, the appeal herein was deemed to be abandoned, and the judgment of the trial court was affirmed in a decision reported in Conger v. La Plant, 153 N. W. 934. Appellant now applies to this court for a rehearing, and, to the end that such rehearing may be considered upon the merits of such appeal, he asks to be relieved from his default in the service and filing of a brief herein, and to be allowed 30 days within which to prepare, serve, and file such brief.

The reasons for failure to serve and file the brief within the time required by the rules of this court are set forth in the affidavits of appellant's counsel. One counsel states that he was engaged by appellant to prepare and present a motion for new trial, and afterwards engaged to appeal the cause to this court; that his failure to prepare and file his brief herein was due to his inability, because *"of other urgent and important legal business,"* to prepare and file the same within the time required; that since the denial of the motion for new trial he has been almost constantly *"engaged in the trial of other important cases,"* preparing and presenting briefs therein, and doing other work necessarily connected therewith; that, when not otherwise engaged, he was engaged in the preparation of the brief in this case to be filed in this court, and, up almost to the expiration of the time allowed by the court for the filing of the briefs herein, he hoped and expected to be able to prepare and file his brief within such time; that, finding himself unable to file such brief within time, he had intended to apply to the other side for an extension of time, but before he was able so to do, and while he was absent attending to the taking of depositions for a case pending in circuit court involving a large amount, this appeal was reached for consideration by this court, and the judgment of the lower court affirmed; that, upon his return, he learned that the appeal had been reached and decision rendered, and promptly made this application for rehearing. It will be noted that counsel has failed to state the nature of the "important legal business," or in what courts he was "engaged in the trial of other important cases." He would have us infer that he has his brief almost ready, be-

cause, "up until almost the time of the expiration of the time allowed by the court for the filing of briefs on appeal, affiant hoped and expected that he would be able to prepare and file his brief herein within time"; and yet he now swears he needs 30 days to prepare such brief, or the full time allowed by the rules of this court. He in no manner explains why, after he saw he could not get his brief in time, he was unable to get a stipulation extending time. The counsel who was associated with the above counsel upon the trial of this case, and who also appears as an attorney of record upon this appeal, states that he had "never been engaged to prepare, serve, or file appellant's * * * brief herein, and has never assumed the responsibility of so doing," and that he was not sufficiently familiar with the record herein to have prepared such brief.

Counsel for respondent resist appellant's application, and set forth numerous matters wherein they claim the showing made by appellant is insufficient. They cite in support of their contentions the case of Merrill v. Minneapolis & St. L. Ry. Co., 25 S. D. 527, 127 N. W. 846. We think their position well taken. In the case of Merrill v. Railway Co., supra, as regards a showing very analogous to that presented to us in the present case, we used the following words, which seem to us peculiarly applicable to the facts now before us:

"We congratulate counsel for appellant upon the extent of their practice; * * * but we desire to take this opportunity of impressing upon the bar of this state the view of this court that having work to do in the inferior courts of this state should never be urged, and can never be received, as an excuse for neglecting work before this court. This applies with special force to an appellant who, dissatisfied with the judgment of the trial court—which judgment, until reversed, is presumed to be correct—compels his opponent to meet him again before the appellate court. Unless appellant's counsel can diligently prosecute such appeal, they should turn the labor over to those who can and will. It will be noticed that, so far as the record before us shows, one of the firm of counsel for appellant was not engaged in work during any of the time since this appeal was taken. There is no showing as to when work on the abstract and brief was commenced, nor as to what time has been given thereto."

In the same case we also said:

"The public is prone to criticize the courts for delay, and no doubt delay in the determination of cause in our courts is one of the most serious evils affecting the judicial administration of the law. This cause well illustrates the fact that such delays are not always chargeable to the appellate courts, and can frequently be traced to the attorneys in the cause. We ask the bar to assist us in rooting out this evil, and we believe we have put into force a set of rules that will make it possible, and we trust the bar will cheerfully comply, not only with the letter, but also with the spirit, thereof. This we expect and feel that we should demand. While we are of the opinion that the appellant has presented no facts which, under our present rules, would justify or excuse its failure to prepare its abstract and brief within the time fixed by such rules, still we recognize that some leniency should be extended until attorneys have had time to become thoroughly conversant with such rules and to recognize the features which distinguish these rules from our former rules."

This decision was handed down in June, 1910. We must presume that it has long since become familiar to every practicing attorney in this state. Evidence that they have become familiar with such decision and aim to conform thereto is found in the fact that very few attorneys have sought extension of time simply because they were engaged in other legal work. The court is of the opinion that the time has long since arrived when it should absolutely refuse to accept, as an excuse for the failure of an attorney to properly care for a cause upon appeal, the plea that he has been too busy in other courts to attend to such appeal. We do not wish to be understood as holding that being engaged in other matters of legal nature may not, in exceptional cases, be properly pleaded as an excuse for a failure to attend to a matter pending in this court; but, when such an excuse is sought to be presented, we should be fully advised as to the nature of the matter, the court, if any, in which it was pending, the time of counsel's employment in such matter, as such time relates to the time given him to prepare the brief in the case pending before this court, the reason why the particular counsel felt required to attend to such other matter—in fact this court should be advised of all those facts, if any exist, which render the case exceptional

in its nature, and therefore not to be controlled by the decision in Merrill v. Railway Co., supra.

The relief prayed for is denied.

McCOY, P. J., and SMITH, J., not sitting.