LOVELAND et al, Appellants, v. PERRITON, Respondent.

(207 N. W. 100.)

(File No. 6044.  Opinion filed January 23, 1926.)

1.  Appeal and Error—Waiver—Appeal Not Dismissed for Service of Undertaking After Notice of Appeal, Where Service of Undertaking Accepted.

An appeal will not be dismissed because undertaking on appeal was served 5 days after notice of appeal, where respondent accepted service of undertaking, thereby waiving necessity for an order excusing default and permitting service of undertaking after service of notice.

2.  Appeal and Error—Brief—Court Rules—Brief Mailed on Last Day of Period After Taking of Appeal Held Served in Time; "Transmitted."

Court rule 5 requires brief on appeal to be filed within 30 days after taking of the appeal, as defined in Rev. Code 1919, Sec. 3146, not after service of notice of appeal, and a brief deposited in mails on last of 30-day period is regarded as "transmitted" within meaning of the rule, and served in time, though it did not reach clerk's office until following day.

Appeal from Circuit Court, Beadle County; Hon. ALVA E. TAYLOR, Judge.

Action by Theodore O. Loveland and another, copartners doing business under the firm name and style of the Bernard Manufacturing Company, against H. A. Perriton. Judgment for defendant, and plaintiffs appeal. On application by respondent for order to show cause why appeal should not be dismissed. Motion to dismiss appeal denied.

*F. P. Matz,* of Huron, for Appellants.
*Chamberlain & Hall,* of Huron, for Respondent.

MORIARTY, C. This matter now comes before this court on an order to show cause issued upon respondent's application. The order cites appellants to show cause why their appeal should not be dismissed upon the grounds set forth in the application. Typewritten briefs have been presented by the respective parties, together with affidavits setting forth the facts upon which the contentions are based.

The facts affecting the motion to dismiss are as follows: The trial court entered judgment in favor of respondent and against the appellants on January 19, 1925. Appellants moved for a new trial, and on July 16, 1925, the trial court entered an order denying that motion. On July 25, 1925, appellants' counsel served notice of appeal on respondent's counsel. No undertaking on appeal was served with the notice, but such undertaking was served on July 29, 1925. Neither the notice of appeal nor the undertaking was filed with the clerk of the trial court until August 19, 1925. Appellants' brief on the appeal was not served until September 14th, and it was not filed with the clerk of this court until September 19th. No stipulation extending the time was ever filed in this court. On October 14th, respondent's counsel presented the application for the show cause order now before the court.

Respondent contends that the appeal should be dismissed upon the following grounds: First, that the undertaking on appeal was

not served with the notice of appeal, an interval of 5 days having elapsed between the service of the notice and the service of the undertaking; second, that appellants' brief was not served within 30 days after the service of the notitce of appeal, a period of over 50 days having elapsed after the service of notice and before service of the brief; third and fourth, failure of appellants to file their notice of appeal and undertaking within a reasonable time after the service thereof, these papers not being filed with the clerk of the trial court until 21 days after the service of the notice.

[1] As to the failure to serve the undertaking with the notice of appeal, respondent's counsel rely upon the holding of this court in Aldrich v. Public Opinion Publishing Co., 27 S. D. 589, 132 N. W. 278. In that decision we find the following statement:

"We are satisfied that, to give this court jurisdiction upon appeal for any purpose whatsoever, the undertaking, if one is necessary, or the notice of deposit of cash, must be served with the notice of appeal; and, in case of a waiver of such bond or deposit, it must be entered into at the time of or prior to the service of notice of appeal."

These words would seem to sustain respondent's contention. But in La Penotiere v. Kellar, 28 S. D. 469, 134 N. W. 48, this court has evidently distinguished between a waiver of the bond and a waiver of an order relieving appellant of default in failing to serve the bond with the notice, and in this Kellar Case the court has held that accepting service of the bond amounts to a waiver of appellant's applying to the court and securing an order excusing the default and allowing service of the bond to be made after service of the notice. And the court therein holds that such acceptance of service waives the procuring of such order and gives this court jurisdiction of the appeal. This decision seems to render untenable respondent's contention that the appeal should be dismissed because of failure to serve the undertaking with the notice.

As to the contention that the appeal should be dismissed for failure to file appellants' brief within 30 days after the taking of the appeal, this court has dismissed many appeals upon that ground, and the law of the state upon that question seems to be well established. It is true that in most of the appeals so disposed of the appellants had remained in default for a long time

before the dismissal, and in many of the cases no brief had been filed at any time prior to the dismissal. Conger v. La Plant, 36 S. D. 111, 153 N .W. 934; Conger v. La Plant, 36 S. D. 180, 153 N. W. 1006; Bond Co. v. Patterson, 36 S. D. 587, 156 N. W. 70; Anderson v. Riffle, 36 S. D. 259, 154 N. W. 648; State ex rel v. Anderson, 42 S. D. 23, 172 N. W. 780; Roberts v. Bergen, 42 S. D. 60, 172 N. W. 874; Essy v. Hicks, 45 S. D. 429, 187 N. W. 638; State ex rel v. Interstate Surety Co., 45 S. D. 429, 187 N. W. 637; Dak. Nat. Bank v. Lee, 46 S. D. 117, 190 N. W. 881; Robinson v. Nelson, 42 S. D. 125, 173 N. W. 157.

[2] In their arguments on this motion counsel for both parties assume that rule 5 requires the filing of appellants' brief within 30 days after the service of the notice of appeal. But in the case of County of Grant v. Jones, 42 S. D. 489, 176 N. W. 38, this court has interpreted the rule to mean that the brief must be filed within 30 days after the taking of the appeal, as defined in section 3146 of the Revised Code. Therefore, as the notice of appeal was not filed with the clerk of the trial court until August 19th, the time for serving the brief upon counsel and of transmitting it to the clerk of this court did not expire until September 18th. When it was deposited in the mail or express office, it was "transmitted" within the meaning of this rule, and, although it did not actually reach the clerk's office until the next day, yet it was served and transmitted in time.

The motion to dismiss the appeal is therefore denied.

Note.—Reported in 207 N. W. 100. See, Headnote (1), American Key-Numbered Digest, Appeal and error, Key-No. 392, 3 C. J. Sec. 1278; (2) Appeal and error, Key-No. 765, 3 C. J. Sec. 1603.