HERRON, Respondent, v. FOX, et al, Appellants

(288 N. W. 459.)

(File No. 8243.   Opinion filed November 16, 1939.)

Rehearing Denied January 16, 1940.

**Henry C. Mundt** and **Jerry Bauer,** both of Sioux Falls, for Appellants.

**T. R. Johnson,** of Sioux Falls, for Respondent.

SMITH, J.   Defendants have appealed from an order of the trial court denying a change of venue to the place of residence of the defendants.   The action was brought in Minnehaha County.   In his complaint the plaintiff stated his cause of action in substance as follows:   That theretofore the defendants had purchased certain personal property located in Minnehaha County from plaintiff under a conditional sales contract, a copy of which was annexed to the complaint; that the defendants had defaulted in the payment of the purchase price; that no proceedings had been had at law for the recovery of the sums remaining due; that the defendants abandoned and surrendered the property to plaintiff, and that plaintiff had peaceably repossessed said property and was in possession thereof.   In his prayer plaintiff asked that the contract be foreclosed, that the court determine the actual amount due, that the property be sold and applied thereon, and that the defendants be required to pay any deficiency.

Based upon the holding of this court in Aldrich v. Public Opinion Pub. Co. et al., 27 S. D. 589, 132 N. W. 278, and Carlton v. Saville, 51 S. D. 282, 213 N. W. 509, plaintiff moved to dismiss the appeal for the reason that no undertaking was served with the notice of appeal.   An examination of the record discloses that within the time permitted for an appeal, and on the fourth day after the service of a

notice of appeal, defendants attempted to serve an undertaking and respondent placed the following signed endorsement on said original undertaking, namely, "Service of the within undertaking this 25th day of October, 1938." Appellants thereupon served the clerk and filed the notice and undertaking in the office of the clerk. By the above described conduct of the plaintiff the defendants had a right to believe that plaintiff was accepting service of the undertaking and intended to relieve the defendants from the necessity of applying to the court for permission to serve and file an undertaking pursuant to the provisions of § 3167, Rev. Code of 1919, SDC 33.0729. In the case of La Penotiere v. Kellar, 28 S. D. 469, 134 N. W. 48, 49, followed in Loveland et al. v. Perriton, 49 S. D. 287, 207 N. W. 100, it was said: "The law never requires a useless act, and therefore, if a respondent believes the failure of an appellant to serve an undertaking to have been the result of excusable neglect, and, instead of requiring appellant to procure an order under section 461 [later § 3167, Rev. Code of 1919, SDC 33.0729], sees fit to waive the same by accepting the service of that which confers jurisdiction upon the appellate court, it certainly is true that by such act he confers full jurisdiction upon such court exactly as though such service of undertaking had been made after and based upon an order procured under section 461." The motion must be denied.

■ That an order denying a change of venue is an appealable order was determined by the territorial court, White v. Chicago, M & St. P. Ry. Co., 5 Dak. 508, 41 N. W. 730, and such an order has been treated as appealable in numerous decisions of this court. .Hawthorne v. Arlt et al., 59 S. D. 76, 238 N. W. 153. We are not now disposed to re-examine the point.

■ The statutes of this state fix a definite place of trial for certain actions, render the venue optional with the plaintiff in certain other actions, and provide "In all other cases the action shall be tried in the county in which the defendant or defendants, or any of them, shall reside at the commencement of the action * * *." §§ 2325-2327, Rev. Code of 1919, SDC 33.0301-33.0304. Under the showing appear-

ing in the record it can not seriously be questioned but what these defendants resided in Brule County at the commencement of this action. A single provision of the statute is called to our attention and urged upon us as fixing the place of trial of this action in Minnehaha County, the place of location of the personal property involved. It is said that this is an action "for the recovery of personal property distrained for any cause" within the terms of § 2325, Rev. Code of 1919, SDC 33.0301. This contention is largely based upon the holding of this court in Wolfe v. Montgomery et al., 41 S. D. 267, 170 N. W. 158. The suggested view is not maintainable. This is not an action for the recovery of personal property. Plaintiff alleges "That the plaintiff peaceably repossessed said property. That the plaintiff is in possession of said property · * * *."

Plaintiff seeks to foreclose a conditional sales contract by action. We do not consider or determine whether the complaint states a cause of action. Suffice it to say that, in view of the allegations of this particular complaint dealing with the possession of the property involved, if a cause of action is stated, it is one which, on the demand of defendants, must be tried at the place of their residence under the terms of § 2328 Rev. Code of 1919, SDC 33.0305.

■■ Plaintiff contends that defendants waived their right to a change of venue by serving their answer before applying to the court for a change of venue. The statute provides (§ 2328, supra, SDC 33.0305): "If the county designated for that purpose in the complaint be not the county in which the defendant resides, the action may, notwithstanding, be tried therein unless the defendant, before the time for answering expires, demand in writing that the trial be had in the county in which he resides, and the place of trial be thereupon changed by consent of the parties or by the order of the court, as provided in this section." In a case wherein it was contended that a stipulation extending the time to answer operated to extend the period within which a demand and application for change of venue might be made, this court construed the phrase "before the time for answering expires," as definitely limited to the period of

thirty days allowed the defendant by law in which to file his answer. Irwin v. Taubman, 26 S. D. 450, 128 N. W. 617. The court pointed out that since the amendment by chapter 82, Laws of 1905, and prior to the adoption of Chapter 283, Laws of 1909, the phrase read "before answer", and suggested that to avoid all misunderstanding the change had been made by the Legislature to fix a definite time within which the right might be asserted. The right is important. The time within which it may be asserted (Barbour et al. v. Fidler et al., 31 S. D. 351, 141 N. W. 88; Midwest Oil Co. v. Olson, 66 S. D. 90, 278 N. W. 544) should not be rendered uncertain, and nothing short of a showing indicating an actual intention or conduct seriously misleading his adversary to his prejudice will warrant either a holding that defendant has waived, or is estopped to assert, that right. That the defendants are not guilty of misleading plaintiff in the instant cause, and did not intend to waive their statutory right to a change of venue, is plain. The summons and complaint were served on July 14, 1938; affidavit of residence and demand for change of venue were served by defendants on counsel for plaintiff on August 8; on August 10 answer was served by defendants; and on August 11 defendants applied to the court and secured an order requiring plaintiff to show cause upon August 22 why an order should not be made changing the place of trial.

It follows that the order of the trial court must be, and it is hereby, reversed.

All the Judges concur.