PUTNAM RANCHES, INC., Plaintiff
and Appellant,

and

Bennett County, South Dakota,
Involuntary Plaintiff,

v.

O'NEILL PRODUCTION CREDIT
ASSOCIATION, Defendant and
Respondent.

No. 12334.

Supreme Court of South Dakota.

Submitted on Briefs May 16, 1978.

Decided Nov. 21, 1978.

Charles Rick Johnson of Johnson, Johnson & Eklund, Gregory, for plaintiff and appellant.

J. M. Grossenburg of Day & Grossenburg, Winner, for defendant and respondent.

PORTER, Justice.

## CASE SUMMARY

This is an action by Putnam Ranches, Inc. (Putnam) brought in Circuit Court for Gregory County. Putnam seeks damages from defendant O'Neill Production Credit Association (O'Neill) because of O'Neill's refusal to allow investment of a check for $278,697.60, which had as payee both O'Neill and Putnam, pending determination of the parties' rights to the check. The circuit court granted O'Neill's motion for a change of venue to Bennett County, and Putnam appealed. We hold that the action was not one for "personal property distrained", SDCL 15–5–1(4); that it was an abuse of discretion for the trial court to change venue based on convenience to the witnesses and the promotion of the ends of justice without a factual showing on the record that these ends would be promoted by the change; and that O'Neill may not assert the rights of Bennett County in order to justify the change. We therefore reverse the change of venue order and remand the case to the Circuit Court of Gregory County without prejudice to the parties' rights to make a factual showing on the issue of convenience to witnesses and promotion of the ends of justice.

## DECISION

### I.

In *Wolfe v. Montgomery*, 41 S.D. 267, 170 N.W. 158 (1918), we held that an action "[f]or the recovery of personal property distrained" under SDCL 15–5–1(4) included *any* action for *recovery* of personal property. Despite this broad definition, we conclude that this case does not come within this rule.

Putnam alleges that O'Neill, by refusing to allow the check to be deposited in an interest-bearing account, has interfered with Putnam's contractual and property rights, breached a fiduciary duty to Putnam and caused Putnam to suffer interest and penalties on real estate taxes. The complaint asks for the interest lost by O'Neill's refusal to invest the check and for $500,000 in exemplary damages. Putnam does not seek recovery of any of the funds represented by the check.

We conclude that Putnam seeks only money damages, and does not ask for any of the funds represented by the check. An action for "personal property distrained", SDCL 15–5–1(4), must be for the recovery of personal property or at least the funds represented by such property. *Wolfe v. Montgomery*, supra. The fact that the relief sought is somehow connected to specific personal property does not render SDCL 15–5–1(4) applicable. *Herron v. Fox*, 67 S.D. 36, 288 N.W. 459 (1939).

## II.

SDCL 15–5–11(3) provides that the court may grant a change of venue when "the convenience of witnesses, and the ends of justice would be promoted by the change." We conclude that there is an insufficient factual showing on the record before us to justify a change on this ground.

We have held that the trial court has broad discretion to grant or deny a change of venue motion based on convenience of witnesses and the ends of justice. *Nedved v. Nedved*, 59 S.D. 161, 238 N.W. 643 (1931); *Wakpala State Bank v. Tackett*, 50 S.D. 385, 210 N.W. 199 (1926); *Fletcher v. Church*, 11 S.D. 537, 78 N.W. 947 (1899). This discretion, however, is limited by the principle that the determination must be made upon a sufficient factual showing to justify the court's exercise of discretion. *See Dunn v. Superior Court of Arizona*, 102 Ariz. 198, 427 P.2d 516 (1967); *Creighton v. Kuttruff*, 286 App.Div. 987, 144 N.Y.S.2d 450 (1955); *American State Bank of Dickenson v. Hoffelt*, 246 N.W.2d 484 (N.D. 1976). *See also* cases cited Anno., 74 A.L. R.2d 16 (1960).

The record in this case contains virtually no facts which show how the convenience of witnesses and the ends of justice would be promoted by changing the place of the trial. O'Neill swore out no affidavits. No witnesses testified. There was mention by O'Neill's attorney and in the trial court's order of related litigation in Bennett County, but how the two lawsuits are related is not set out in detail. Papers filed in the

Bennett County action or actions are not in the record of this appeal. We are thus left to speculate on how the convenience of witnesses and the ends of justice will be promoted by a change of venue. Such speculation is insufficient to support the change, and it was an abuse of discretion to grant the change without a further factual showing.

We believe, however, that such a showing might be made on affidavits, testimony or other proof. It appears, even on this record, that the actions in Bennett County might be related to the present case. We believe that the parties should have a chance to develop a more complete record on convenience to witnesses and the promotion of the ends of justice. We therefore remand without prejudice to the parties' rights to make a showing on these matters.

## III.

O'Neill's final contention is that the order should be affirmed because Bennett County is in reality a defendant, and the proper place for trial under SDCL 15–5–6 is the defendant's residence. We conclude that O'Neill may not raise the rights of the County. Since Bennett County has not sought to change the venue in this case, it cannot be changed under SDCL 15–5–6.

As against a nonresident defendant, venue is proper in any county that plaintiff designates in the complaint. SDCL 15–5–6 (Supp.1977). In this case Gregory County was so designated. Venue was thus proper as to the nonresident corporation, *see Ivanusch v. Great Northern Railway Co.*, 26 S.D. 158, 128 N.W. 333 (1910).

Bennett County was included as an "involuntary plaintiff", SDCL 15–6–19(a), because of its claim against Putnam for property taxes. O'Neill suggests that the county is in reality a defendant and that the proper venue for an action against a county is in that county. This issue is not, however, raised by this appeal. Bennett County did not request a change of venue within the time for answering, SDCL 15–5– 10, nor did it participate in this appeal. It

has thus waived any right to ask for a change of venue. SDCL 15–5–10.

■ Defendant O'Neill may not raise the rights, if any, of Bennett County for a change of venue. Venue under SDCL 15–5–6 is a privilege accorded to defendants to have a lawsuit against them tried in the county of their residence, and we hold that this privilege is personal to resident defendants. *See Vance Trucking Co., Inc. v. Canal Insurance Company*, 338 F.2d 943 (4th Cir. 1964); *Schoen v. Mountain Producers Corporation*, 170 F.2d 707, 713, 5 A.L.R.2d 1226, 1237 (3d Cir. 1948) *cert. den.* 336 U.S. 937, 69 S.Ct. 746, 93 L.Ed. 1095 (1949). Such a privilege is, in any event, of little value to a nonresident defendant, since he cannot have venue in his home county. SDCL 15–5–6 allows plaintiff to determine venue against nonresident defendants, subject only to the court's right to change venue for the reasons set out in SDCL 15–5–11(2) and 15–5–11(3). Since venue is proper against O'Neill, and Bennett County has chosen not to raise its rights, SDCL 15–5–6 does not require a change of venue.

## CONCLUSION

■ Venue in the courts of this state is entirely statutory. In the absence of statutory grounds for a change, the initial choice of a plaintiff is conclusive. SDCL 15–5–6, 15–5–11. Since there is nothing on the record before us from which the trial court could have found grounds to change the place for trial, we reverse the order changing venue and remand the case to the circuit court of Gregory County without prejudice to the parties' rights to make a factual showing on the issue of convenience of witnesses and promotion of the ends of justice.

All the Justices concur.