CITY OF RAPID CITY, a Municipal Corporation and County of Pennington, a Political Subdivision, Plaintiffs and Respondents,

v.

STATE of South Dakota, Defendant and Appellant,

Vincent H. Boland and Edna Kingsbury Boland, Anastasia Pappas, Lyle Arthur Poage and Eva Mae Poage, Raymond A. Stoltz and Elsie F. Stoltz, Gilbert G. Raben and Velma J. Raben, Stath S. Mantzeroros, Clifford W. Deschamp and Delores Deschamp, Claire C. Coomes and Erma Coomes, Robert Bielmeier, William C. Jefferson and Hazel Jefferson, Defendants and Respondents.

No. 12767.

Supreme Court of South Dakota.

May 17, 1979.

Gene LeBrun and Horace R. Jackson of Lynn, Jackson, Shultz & LeBrun, Rapid City, for plaintiffs and respondents.

Mark V. Meierhenry, Atty. Gen., David O. Carter, Asst. Atty. Gen., Pierre, for defendant and appellant.

George A. Bangs of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for defendants and respondents, except William C. Jefferson and Hazel Jefferson.

David P. Olson, Rapid City, for defendants and respondents William C. and Hazel Jefferson.

PER CURIAM.

This appeal by the State of South Dakota asserts that the trial court erred in denying appellant's motion for change of venue. The trial court entered its order of .denial on April 4, 1979, and the State served and filed its notice of appeal on April 18, 1979. The respondents have moved this Court for dismissal of the appeal upon the grounds that such intermediate order is not appealable of right under the provisions of SDCL 15–26–1.

This motion brings to focus a rather hazy area of our appellate law, for this Court has, as recently as 1977, in a footnote in *Blair v. Scherle Irrigation Sales, Inc.*, S.D., 252 N.W.2d 320, 321 (1977), stated: "3. The order is appealable of right. *Herron v. Fox*, 67 S.D. 36, 288 N.W. 459 (1940) (sic)." The line of authority for that holding is traceable back to *White v. Chicago, M. & St. P. R. Co.*, 5 Dak. 508, 41 N.W. 730 (1889).

We have held repeatedly that the right of appeal is statutory. *People in Interest of L. V. A.*, S.D., 248 N.W.2d 864 (1976); *Northwestern Engineering Co. v. Ellerman*, 69 S.D. 397, 10 N.W.2d 879 (1943). As we review our present statutory provision in pertinent part, we find that since 1939 the appeal of right, other than from a judgment, has been limited to "[a]n order affecting a substantial right, made in any action, when such order in effect determines the action and prevents a judgment

from which an appeal might be taken[.]" [1] In 1889, however, when *White* was decided, the statute in effect provided in pertinent part for review of an order "[w]hen it involves the merits of an action or some part thereof;" [2] and this Court in *White, supra,* said:

> The right to have the rights of a party passed upon by an impartial and unprejudiced tribunal is fundamental, and guarantied (sic) by the law of the land, and an order which would affect this right, as an order refusing to change the place of trial might, would certainly, under the most strict construction, involve the merits of the action. 41 N.W. at 731

Examination of the cases commencing with *Herron v. Fox, supra,* indicate that the statutory change has never been called to the attention of this Court as has been done so ably in this case. In *Herron,* this Court rather brusquely disposed of the issue in this manner:

> That an order denying a change of venue is an appealable order was determined by the territorial court, [citing *White*], and such an order has been treated as appealable in numerous decisions of this court. [citation omitted] We are not now disposed to reexamine the point. 288 N.W. at 460

In accordance with our previous holdings that the right of appeal is statutory, we now hold that the right of appeal from intermediate orders regarding change of venue is not appealable as of right, but rather as a matter of the Court's discretion under SDCL 15–26–1(6). We further hold, however, that this decision is prospective only and does not affect any other appeals filed on or before June 1, 1979.

We have further considered that the State, in filing the notice of appeal, properly relied upon our previous holdings. We therefore choose to treat such filing as a petition for intermediate appeal, and in order to determine the merits of such application, we grant the appellant ten days in which to supplement the application by serving and filing with the Clerk of this Court a supplemental petition in conformity with SDCL 15–26–10 and SDCL 15–26–11.

An order in conformity shall be entered forthwith.

1. SDCL 15–26–1(2).

2. Ch. 16, § 5236–4, Compiled Laws of Dakota Territory, 1887.