BARBOUR et al., Respondents, v. FIDLER et al., Appellants.

(141 N. W. 88.)

1. **Venue—Change—Necessity of Demand and Notice.**

Under Code Civ. Proc., Sec. 102, as amended by Laws 1909, Chap. 283, Sec. 2, concerning change of venue, defendant must make written demand upon plaintiff for change of venue before the court has jurisdiction to make the change. **Held**, further, that if, upon such demand, plaintiff refuses consent to change, defendant must, either by motion or notice, or by order to show cause after due notice, apply to court for change of venue.

2. **Venue—Change—Waiver of Demand and Notice—Negotiations for Settlement.**

The written admission of service of an answer laying the venue in county of defendant's residence, after an order changing venue had been made without notice to plaintiff and without their knowledge, their attention not being called to the venue laid in the answer, is not a waiver of demand and notice of change of venue; nor is failure of such demand and notice excused by pendency of negotiations for settlement, especially where the negotiations ended before application for change of venue.

3. **Venue—Change—Time for Answering—Hearing on Application.**

An application for change of venue need not be heard before time to answer expires. If the application is made within that time, it is sufficient, and answer can be served as in county of the then venue.

(Opinion filed April 22, 1913.)

Appeal from Circuit Court, Butte County. Hon. WM. G. RICE, Judge.

Action by William L. Barber and another against Ben Fidler and another. From on order vacating an order changing the venue, defendants appeal. Affirmed.

*Stuart & Milne,* for Appellants.

If the plaintiffs can thus voluntarily appear in the new tribunal, what more is required to constitute such general appearance than due admission of service of an issuable pleading entitled

in the new tribunal? And lastly, would a motion by plaintiffs, thereafter made, be sustainable to compel the defendants to take his answer from the new tribunal, bring it back, file it in the original tribunal and try the case there on an answer that was a record of a different court and county? And yet, this supposed case is actually the case at bar, as shown by the record.

But passing from principle to authority let us see what a few of the cases say on the point.

"Error in granting a change of venue, or in the proceedings to perfect a transfer of the cause after an order therefor, is waived by a general appearance in the court to which the cause is transferred, provided it has jurisdiction of the subject matter." 3 Cyc. page 523 and cases cited; Solomon v. Norton, (Colo.) 65 Pac. 56; 11 Pac. 108; 54 N. W. 579; 133 N. W. 538; 133 N. W. 454; 133 N. W. 905; 131 N. W. 580; 130 N. W. 743; Rogers v. Mining Company, (S. D.) 132 N. W. 792.

It is held by the counsel for appellants in the light of the well settled rule of the liberal construction to be given to statutes relative to changing the place of trial that the statute means just what it says, namely, that at any time before the time for answer expires the demand may be made, or an application made for the change of place of trial, and the record shows in this case that the application was made within such time. If the statute is to be otherwise construed then a defendant clearly entitled to the change and given the right to ask for the same on the afternoon of the thirtieth day, if then refused upon a demand made of plaintiff, he would be in default long before he could have heard any motion for such change, and he would be deprived of a right which the language of the statute clearly gives him, namely, to apply for his change at any time up to the evening of the thirtieth day.

Upon the question, as to whether the general appearance of the plaintiffs in the court to which, on change of venue the cause has been transferred, the plaintiffs thereby waive any irregularity in the proceedings to obtain the change, we do not find that the precise point has ever been decided by this Court. On both principle and authority the appellants contend that such general appearance can but have the effect of waiving all irregularities, if any, preceding such general appearance in the new tribunal.

*Benedict & Wall,* for Respondents.

The primary object of this action is to recover lands in part in Butte and in part in Meade counties.

The summons and complaint were served upon the defendants in McCook county.

The venue as originally laid, gives the court jurisdiction to try the case, and that jurisdiction is retained unless the defendant demand in writing that the trial be had in the county in which he' resides, and the place of trial be thereupon changed by consent of the parties or by the order of the court. A condition precedent is fixed by statute, and that is the demand in writing for the change by the defendant, thereupon, that is upon demand having been previously made, a change may be had. While the particular point involved here is not directly decided in Searles v. Lawrence, 8 S. D. 11, and in Smail v. Gilruth, 8 S. D. 287, the language of each opinion is such as to leave no doubt that the court considered a demand necessary, and a necessary condition precedent to making the change. To the same effect is the opinion in the case of Lvanusch v. Great Northern Ry. Co., 128 N. W. 333. The procedure by appellants herein is in total disregard of the statute, and is in total disregard of the rights of the respondents, for no notice whatever is given.

No demand having been made, and no notice of the motion for an order of change having been made, the court could vacate its order. Bailey v. Scott, 1 S. D. 337; Thompson & Sons Mfg. Co., v. Guenther, 5 S. D. 504.

Appellants attempt to excuse the not making of a demand by asserting that negotiations were pending looking toward a settlement of the controversy. This is no justification, if true, of their failure. Searles v. Lawrence, Supra.

Appellants say: (Folio 109) that the acceptance of service of the answer is tantamount to a stipulation for a change. A stipulation is an agreement, and there is no rule of practice that we are aware of that holds that an attorney who accepts service of a pleading agrees to its contents.

The exact facts are that the case could not by any rule be held to have reached the McCook county court at the time of the acceptance of service of the answer, as the order for change was

not filed or attested by the clerk of the Butte county court until February 6th. (Appellants' brief, Folio 48). And an order of the Court is not an order in legal effect until attested, and filed, so that the case was still in the Butte county court, when the serivce of the answer was accepted, even if the order for change ever had any virtue or life.

Acceptance of service is not an appearance. Acceptance by the party to be served is not necessary—service can be made without the voluntary acceptance thereof by the party to be served. It would be nonsense to say that a person who accepts service of a summons, by that act alone "appeared" in the case. Appearance is only made by a voluntary affirmative act, by which one enters and submits himself to the jurisdiction of the court.

The order itself recites the grounds for making it to be residence grounds solely. Jurisdiction had not been acquired by the court to make such an order upon such grounds, as the necessary condition precedent, i. e., a demand in writing by the defendant did not exist. Conditions precedent must be strictly performed before rights based thereon can be acquired or acts done.

Estee (3rd Ed.) Sec. 59, says: "In New York, to procure a change of the place of trial, in case the county named is not the proper county, a demand is first necessary, the service of which is an essential prerequisite to the motion," citing Vermont Central R. R. Co., v. Northern R. R. Co., 6 How. Pr. 106.

POLLEY, J. This action was commenced in the circuit court in Butte county. Both of the defendants resided in McCook county, where the summons and complaint were served upon them on the 6th day of January, 1912. During the time allowed for answering, negotiations took place between plaintiffs and defendants looking to a compromise of the matters in controversy. On the 5th day of February, 1912, the defendants, by their counsel, presented to the court an application to change the place of trial from Butte county to McCook county. No previous demand had been made upon the plaintiffs for a change of place of trial by consent; nor had any notice of any kind been given to plaintiffs or their counsel that defendants would make their application to the court. The court, believing the application to be regular, and without ascertaining whether any previous demand had been made or any notice of the application had been given to the plaintiffs,

granted the application by an order, which was filed with the clerk of courts in Butte county on the 6th day of February, 1912. On the 5th day of February, 1912, but after the order transferring the case to McCook county had been made, the defendants prepared and served their answer on plaintiffs' counsel at Belle Fourche, in Butte county. In the answer the venue of the case was laid in McCook county. Service of this answer was admitted in writing by plaintiffs' counsel. The order transferring the case to McCook county was not served upon plaintiffs' attorneys; nor is it contended that they were notified or their attention called to the fact of the transfer at the time they admitted service of the answer. On the 7th of February, 1912, plaintiffs' counsel learned, for the first time and from the clerk of courts of Butte county, of the making and entry of the said order. Immediately thereafter they prepared and served on defendants' counsel a notice of motion to vacate and set aside the order made by the court on the 5th day of February, 1912, upon the ground "that the court had no jurisdiction to make the said order, for that the defendants had neither of them, prior to the making of the said order, made a demand in writing that the place of trial of said action be changed; nor had the defendants made or served any motion, or notice of motion, for an order changing the place of trial." This motion came on for hearing before the court on the 28th day of February, when the court made and entered an order whereby the previous order of February 5th was vacated and set aside, and ordering that the place of trial of the said cause remain the same as though said former order had not been made. It is from this latter order that this appeal is taken.

[1] The appellants strenuously contend that the court had jurisdiction to make the order of February 5th, and that it was therefore error for the court to make the subsequent order setting it aside. Whether appellants are right in their contention or not depends upon the construction to be put upon the first clause of section 102, Code Civ. Proc., as amended by chapter 283, § 2, of the Laws of 1909. It reads as follows: "If the county designated for that purpose in the complaint be not the county in which the defendant resides, the action may, notwithstanding, be tried therein unless the defendant, before the time for answering expires, demand in writing that the trial be had in the county in which he

resides and the place of trial be thereupon changed by the consent of the parties or by the order of the court, as provided in this section." The language used is not as clear as it might be; but, fairly considered, we believe that it was the intent of the framers of the law that, when a defendant believes the venue of a cause is not laid in the proper county, and he wishes it changed to the proper county, it is his duty first to make a written demand upon the plaintiff to change it accordingly. If plaintiff consents to the change, he may indorse such consent on the demand or sign a stipulation to that effect, and the court will direct the change without further proceeding. On the other hand, if plaintiff refuses to give such consent, it then becomes incumbent upon the defendant, and before the time for answering expires, to make his application to the court. But this must be made in the regular way, either by motion or order to show cause, and after due and timely notice thereof to the plaintiff. There is nothing in the language of the statute to take the case out of the general rule, or to indicate that the proceeding in this matter is to be different from that governing ordinary motions or orders to show cause, and, in order to give the court jurisdiction, it is necessary that the plaintiff be given timely notice and an opportunity to be heard and rebut defendant's showing, if he can.

[2] While they do not concede this to be the correct rule, appellants strenuously contend that it is not applicable to the case at bar, for two reasons: First, because they claim that plaintiffs entered a "general appearance" in the case after the order changing the place of trial had been made; and, second, that, because of pending negotiations for a compromise settlement, they were prevented from making their application before the expiration of the time for answering. There is no merit in either of these contentions. The only act relied upon by appellants as constituting a "general appearance" after the transfer was made was the admission of service, by plaintiffs' counsel, of appellants' answer in which the venue of the cause was laid in McCook county. Appellants do not claim that any notice of this order had been given to plaintiffs' counsel, or that their attention was called to the fact that in the answer the venue of the cause was laid in McCook county, or that they had any knowledge that any such order had ever been made. On the other hand, it is affirmatively shown that neither the plain-

tiffs nor their counsel had any knowledge whatever of the order for two days after the admission of the service of the answer. This certainly does not bring them within the well-known rule that a general appearance, made with knowledge of a defect in the proceeding, amounts to a waiver of such defect; neither do the pending negotiations for a settlement furnish appellants with any excuse for not having made the proper demand and given plaintiffs notice of their application for relief to the court. Such demand and application would have in no wise interfered with or prevented such negotiations or settlement; but, even if they had, there was still sufficient time to have made the application in the regular way. All negotiations came to an end on the 3d of February. Appellants could then have made their demand, and, if refused, they could have given notice of their application to the court for a transfer of the case, or procured an order to show cause why the change should not be made by the court.

[3] It is not necessary that the application for a change of venue be heard or disposed of within the time for answering. If the application is made within that time, it is sufficient. Appellants could have served their notice of application and answered as in Butte county. The motion could have been brought on as soon as it could have been heard by the court, and, if the change had been ordered, the answer would have been transferred to McCook county, with the other papers in the case.

No error appearing in the record, the order appealed from is affirmed.