GOTTHELF, Respondent, v. MERCHANTS' BANK, Appellant.

(145 N. W. 542.)

1. **Corporations—Venue of Actions Against—Place of Business.**

   Under Code Civ. Proc., Sec. 101, concerning the place of trial of actions therein referred to, a domestic corporation was entitled, by taking the proper steps, to have the venue of an action against it changed to the county in which it had its principal place of business at time of commencement of the action.

2. **Venue—Corporation Defendant—Affidavit For Change—Sufficiency.**

   An affidavit in support of a motion for change of venue, dated nearly a month after service of summons and complaint, and stating that defendant, a domestic corporation, had its principal place of business in a specified county, was insufficient to show that its place of business was in that county when suit was begun, as defendant's right should not have been left dependent upon presumption.

3. **Venue—Change of Venue—Demand For Change, When Made.**

   Under Code Civ. Proc., Sec. 102, as amended by Laws 1913, Ch. 177, requiring that demand be made by defendant for trial in the proper county, if the venue was not designated in the county of defendant's residence, in the complaint, **held**, that the affidavit on an application for an order changing the venue must show that written demand for the change had already been served on plaintiff, and that he had neglected or refused to consent to the change, and a demand in the affidavit itself is insufficient.

'(Opinion filed February 14, 1914.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by Mary Gotthelf against the Merchants' Bank. From an order denying a change of venue, defendant appeals. Affirmed.

*L. L. Lawson,* for Appellant.

This notice, which was subscribed and sworn to by the defendant, constituted a demand under Chapter 177, Laws of 1913. The plaintiff was notified that defendant was a resident of San-

born county and that defendant demanded that said action be tried in Sanborn county.

On the same day that the said affidavit and demand were served upon the attorney for the plaintiff defendant also served upon the said plaintiff a notice of motion for change of place of trial. Ivanusch v. Great Northern Ry. Co., 128 N. W. 333 (S. D.) ; Mullen v. Northern Accident Insurance Co., 128 N. W. 483 (S. D.) ; Fletcher v. McGinnes 68 P. R. 1015 (Cal.) ; Barbour v. Fidler et al 141 N. W. 88 (S. D.)

Demand was made upon plaintiff before time for answer expired. Plaintiff was then presented with a stipulation for a change, and this stipulation the plaintiff refused to sign. There is no contention that defendant was not a resident of Sanborn county, S. D., at the time action was brought. Defendant could wait until the last hour of the 30th day in which to answer, and then serve the answer, demand and notice of motion. Section 101, Chapter 283, Laws 1909.

It is the duty of the plaintiff before bringing an action to ascertain in what county defendant resides ; to bring an action in Minnehaha county and serve the summons on a bank in Sanborn county, by the sheriff of Sanborn county, shows that the plaintiff had absolute knowledge of the residence of defendant. If then defendant, in the time allowed by law, demands a change to the county in which he resides, it is incumbent upon the plaintiff to notify the defendant of his consent to the change. Chapter 177, Laws 1913, authorizes the court to allow such terms as it may in its discretion deem just. If the court finds that plaintff has not had an opportunity of consenting to the change, it may refuse to allow fees to the moving party, and the plaintiff will then have had his mistake corrected without costs.

*Joe Kirby,* for Respondent. ·

The affidavit does not show where defendant's place of business was at time summons was served. Ch. 283, Laws 1909.

No demand in writing was made on the respondent to change the place of trial, but the appellant in the first instance sought the relief before the court. This was not proper. Ch. 177, Laws of 1913 ; Vermont Central R. R. Co. v. N. R. R. Co., 6 How. 106 ; Barbour v. Fidler, 141 N. W. 88.

Notice of motion to change the venue cannot be made a substitute for the demand required by statute. Estrada v. Orena, 54 Cal. 407; Byrne v. Byrne, 57 Cal. 348.

WHITING, J.   Plaintiff brought this action in the circuit court of Minnehaha county, and defendant claims that, under section 101, C. C. P., and the holding of this court in the case of Mullen v. Accident Ins. Co., 26 S. D. 402, 128 N. W. 483, it had an absolute right to have the place of trial changed from that county to the county of Sanborn, and that it took the proper steps to procure an order for such change from the circuit court.  The circuit court denied the motion for change of venue, and it is from such order of denial that this appeal was taken.  It appears that, before answering and before the time for answering had expired, defendant served upon plaintiff's attorney two papers, attached the one to the other; one an affidavit, dated nearly a month later than the date of service of summons and complaint, setting forth the fact that the defendant was a domestic corporation with its principal place of business in Sanborn county, the other a notice of motion for an order changing the place of trial.  The notice stated that it was based upon the attached affidavit.  The affidavit contained a demand that the place of trial of said action be changed to the circuit court of Sanborn county.  Counsel for plaintiff accepted service of these papers.  Thereafter, and upon the same date, counsel for plaintiff was presented with a written stipulation stipulating that the venue of said cause might be changed to Sanborn county.  This stipulation he refused to sign.  It was upon a showing of all the above facts that the trial court refused to grant the change.

[1]   There can be no question but that, if defendant had its principal place of business in Sanborn county *at the time this action was commenced,* and if it had taken proper steps to procure a change of place of trial, it was entitled to such change under the ruling of this court in the case. hereinbefore referred to.   This is conceded by respondent, but she contends: (1) That the affidavit was insufficient in that it did not show that defendant's chief place of business was in Sanborn county *at the time the action was commenced;* and, (2) because there was no written demand for change of venue made before the service of the notice of motion.

[2-3]   Respondent contends that it was not enough to insert

such a demand in the affidavit upon which the motion was based; that, before appellant had any right to ask the court to grant the change of venue, it was incumbent upon it to make a demand in writing upon respondent, thus giving counsel for respondent opportunity to consent thereto. We think respondent is correct in her contentions. It might be urged that, in the case of a corporation, there would be a strong presumption that it had not changed its chief place of business during the period of something over three weeks, but certainly the appellant should not have left its rights to depend upon any such presumption. In the case of Barbour v. Fidler, 141 N. W. 88, this court laid down a rule as to the proper procedure under section 102, C. C. P., being the section under which appellant sought the order changing the venue herein. This section, as amended by chapter 177, Laws 1913, in so far as it applies to the question before us, reads as follows: "If the county designated for that purpose in the complaint be not the county in which the defendant resides, the action may, notwithstanding, be tried therein unless the defendant before the time for answering expires, demand in writing that the trial be had in the county in which he resides, and the place of trial be thereupon changed by the consent of the parties or by the order of the court, as provided in this section"—and is identical with the wording of said section when before the court in the Barbour case. In that case this court said: "When a defendant believes the venue of the cause is not laid in the proper county, and he wishes it changed to the proper county, it is his duty first to make a written demand upon the plaintiff to change it accordingly. If plaintiff consents to the change, he may indorse such consent on the demand, or sign a stipulation to that effect, and the court will direct the change without further proceeding. On the other hand, if plaintiff refuses to give such consent, it then becomes incumbent upon the defendant, and before the time for answering expires. to make his application to the court."

It follows from the above that, when a defendant moves for a change of venue, the affidavit upon which his motion is made must show that he has already served upon plaintiff the written demand, and that defendant, though given an opportunity to consent to such change in one or the other of the methods provided by the statute, has neglected or refused to consent to such change

—the proof of the demand and its refusal, and not the demand itself, should have been in the affidavit. Vermont Cent. R. Co. v. Northern R. Co., 6 How. Prac. (N. Y.) 106; Elam v. Griffin, 19 Nev. 442, 14 Pac. 582.

The order appealed from is affirmed.