MIDWEST OIL COMPANY, Appellant, v. OLSON, Respondent

(278 N. W. 544)

(File No. 8150. Opinion filed March 29, 1938.)

T. R. Johnson, of Sioux Falls, for Appellant.

W. H. Farmer, of Madison, for Respondent.

POLLEY, J. ■ This is an appeal from an order changing the place of trial of this action from Minnehaha county to Lake county. The plaintiff resides in Minnehaha county and the defendant in Lake county. The summons, fixing the venue in Minnehaha county, was served in Lake county. The defendant, being a resident of Lake county, made Lake county the proper county in which to try the case. Section 2327, Rev. Code 1919. The com-

plaint was served on the 14th day of September, 1937, and the defendant had thirty days after the service of the complaint in which to answer. Section 2332, Rev. Code 1919. Defendant wished to have the place of trial changed from Minnehaha county to Lake county. Under the provisions of section 2328, the defendant must "demand in writing that the trial be had in the county in which the [defendant] resides," and on the 18th day of September and within the time for answering defendant wrote a letter to plaintiff's attorney, inclosing a written stipulation, stipulating that the cause might be transferred to Lake county, and asking plaintiff to sign and return the stipulation. Plaintiff refused to sign the stipulation and returned the same to defendant unsigned. Thereupon defendant made an affidavit setting out the above facts and procured from the court an order to show cause why the case should not be transferred to Lake county. This order was served on plaintiff on the 30th day of September, and within the time for answering. On the 25th day of October the court made and entered an order transferring the cause to Lake county. It is not necessary that the order transferring the case be made within the time for answering. If the "demand in writing" and the application to the court are made within the time for answering, the statute, section 2328, in that respect is complied with. Barbour v. Fidler, 31 S. D. 351, 141 N. W. 88. This appeal is from the order transferring the case to Lake county.

 It is appellant's contention that defendant did not make the demand in writing on plaintiff for a change of place of trial as required by section 2328, before making his application to the court for that purpose, and that therefore the court was without jurisdiction to make such order. Plaintiff cites and relies on what is said by this court in Barbour v. Fidler, supra, to sustain his contention in this case; but the two cases are not analogous. In that case:

"This action was commenced in the circuit court in Butte county. Both of the defendants resided in McCook county, where the summons and complaint were served upon them on the 6th day of January, 1912. During the time allowed for answering, negotiations took place between plaintiffs and defendants looking to a compromise of the matter in controversy. On the 5th day of February, 1912, the defendants, by their counsel, presented to the court

an application to change the place of trial from Butte county to McCook county. No previous demand had been made upon the plaintiffs for a change of place of trial by consent; nor had any notice of any kind been given to plaintiffs or their counsel that defendants would make their application to the court. The court, believing the application to be regular, and without ascertaining whether any previous demand had been made or any notice of the application had been given to the plaintiffs, granted the application by an order, which was filed with the clerk of courts in Butte county on the 6th day of February, 1912. On the 5th day of February, 1912, but after the order transferring the case to McCook county had been made, the defendants prepared and served their answer on plaintiffs' counsel at Belle Fourche, in Butte county. In the answer the venue of the case was laid in McCook county. Service of this answer was admitted in writing by plaintiffs' counsel. The order transferring the case to McCook county was not served upon plaintiffs' attorneys; nor is it contended that they were notified or their attention called to the fact of the transfer at the time they admitted service of the answer.

"On the 7th of February, 1912, plaintiffs' counsel learned, for the first time and from the clerk of courts of Butte county, of the making and entry of the said order. Immediately thereafter they prepared and served on defendants' counsel a notice of motion to vacate and set aside the order made by the court on the 5th day of February, 1912, upon the ground 'that the court had no jurisdiction to make the said order, for that the defendants had neither of them, prior to the making of the said order, made a demand in writing that the place of trial of said action be changed; nor had the defendants made or served any motion, or notice of motion, for an order changing the place of trial.' This motion came on for hearing before the court on the 28th day of February, when the court made and entered an order whereby the previous order of February 5th was vacated and set aside, and ordering that the place of trial of the said cause remain the same as though said former order had not been made. It is from this latter order that this appeal is taken."

It will be noted that in Barbour v. Fidler no effort or request or demand of any kind was made to obtain the consent of the defendant to a transfer of the case to the proper county, and it was

because of the failure to make such effort that we held that the court was without jurisdiction to make the order transferring the cause from Butte county to McCook county. But in this case the defendant attempted to obtain the consent of the plaintiff to make the change by signing the stipulation to that effect. We think this attempt on the part of the defendant was sufficient to satisfy the requirements of section 2328, and that the trial court was warranted in transferring the cause to Lake county.

The order appealed from is affirmed.

ROBERTS, P. J., and RUDOLPH and SMITH, JJ., concur.
WARREN, J., dissents.