Jim BLAIR, Plaintiff and Respondent,

v.

SCHERLE IRRIGATION SALES, INC.,
Defendant and Third-Party Plaintiff
and Appellant,

v.

Charles SUTHERLAND, d/b/a Chuck's
Electric, Third-Party Defendant.

No. 11867.

Supreme Court of South Dakota.

Argued Oct. 16, 1976.

Reassigned Jan. 6, 1977.

Decided April 15, 1977.

Ronald W. Banks, Rapid City, for plaintiff and respondent.

Donald R. Shultz, Fred M. Winkler, of Lynn, Jackson, Shultz, Ireland & Lebrun, P. C., Rapid City, for appellant.

PORTER, Justice (on reassignment).

Plaintiff brought this civil action in the Circuit Court of Haakon County, claiming damages from defendant [Scherle] for an alleged breach of a contract to install an irrigation system. Scherle sought a change of venue to the Circuit Court of Walworth County as a matter of right under SDCL 15–5–6,[1] claiming to be a resident of that county because the corporation's principal place of business was located there.

The only issue we need decide is whether Scherle's application to the court for change of venue from Haakon County to Walworth County was timely under SDCL 15–5–10.[2] We agree with the trial.

---

1. Prior to amendment effective 7–1–76, S.L. 1976, ch. 146, SDCL 15–5–6 provided: "In all other cases the action shall be tried in the county in which the defendant or defendants, or any of them, shall reside at the commencement of the action, * * *."

2. SDCL 15–5–10:
"If the county designated for that purpose in the complaint is not the proper county, the action may, notwithstanding, be tried therein unless the defendant, before the time for answering expires, demands in writing that the

trial be had in the proper county, and the place of trial be thereupon changed by the consent of the parties or by order of the court, as provided in § 15–5–11."
SDCL 15–5–11:
"The court may change the place of trial in the following cases:
(1) When the county designated for that purpose in the complaint is not the proper county;
(2) Where there is reason to believe that an impartial trial cannot be had therein;

court that the application was not timely and therefore affirm the Order of the Circuit Court of Haakon County denying change of venue, from which Order defendant-appellant Scherle brought this appeal.[3]

■ The answer to the question presented depends upon the interpretation given the phrase "before the time for answering expires, * * *." SDCL 15–5–10. Scherle was served with summons and complaint on October 3, 1975. Two weeks later plaintiff and Scherle stipulated that Scherle's time "for answer or otherwise pleading" was extended to November 15, 1975.[4]

October 28, 1975, Scherle sent plaintiff a letter and with it a demand and affidavit for change of venue, and proposed stipulation for change of venue to Walworth County.[5] Plaintiff did not answer the letter. On November 17, 1975, [a Monday] Scherle telephoned plaintiff who then advised he would not stipulate to change of venue. The same day Scherle served upon plaintiff a motion for change of venue, an answer to the complaint, and a counterclaim. Also on November 17, Scherle telephoned the trial court long distance and arranged for a hearing on the venue motion to be held November 24. Scherle's motion for change of venue and supporting papers were filed by the clerk of the trial court on November 20.

In this case the time fixed by statute for answer to the complaint was thirty days, and the time for answering, under the statute, expired on November 3, 1975 [a Monday].[6] The issue was whether Scherle was obligated by SDCL 15–5–10 to make demand for venue change, and, failing to obtain plaintiff's consent, to then make application to the court by November 3, or whether these acts by Scherle were timely if performed within the additional time allowed Scherle to answer or otherwise plead under the stipulation of the parties.[7]

We conclude the issue was resolved for us by this court in *Irwin v. Taubman,* 26 S.D. 450, 128 N.W. 617 (1910). There the court was required to interpret a change of venue statute identical, in pertinent part, to that now before us.[8] The *Irwin* court stated the issue as follows:

"The only question presented on the appeal is, Did the extension of time, granted by the plaintiff to the defendant in which to file his answer, have the effect of extending the time within which the application was required to be made for the change of place of trial as provided by chapter 283, Laws 1909, * * *." 26 S.D. at 451, 128 N.W. at 618.

The court held that the legislature "did not intend by the use of the term, 'before the time for answering expires' to include such time as might be stipulated for the parties

(3) When the convenience of witnesses, and the ends of justice would be promoted by the change."

3. The order is appealable of right. *Herron v. Fox,* 67 S.D. 36, 288 N.W. 459 (1940).

4. Because we conclude the time limit may not be altered by a stipulation of the parties, we pass any question as to the adequacy of the stipulation here.

5. After referring to the case title, the body of the letter is:
"Enclosed please find a Demand and Affidavit for Change of Venue, also a Stipulation for Change of Venue. Would you kindly advise me if you will stipulate to the Change of Venue. Otherwise, I will schedule a time for a hearing on the motion. Thank you for your consideration."

6. SDCL 15–6–12(a): "A defendant shall serve his answer within thirty days after the service

of the complaint upon him, except when otherwise provided by statute or rule. * * *."

7. We need not decide whether Scherle's application to the court was untimely even under the stipulation. Scherle argued that SDCL 15–6–6(a) would extend his time until Monday, November 17. Plaintiff countered that such statute did not apply to a stipulation.

8. S.L.1905, ch. 82, § 1 amended section 102, chapter 8 of the 1903 Revised Code by changing the phrase "before the time for answering expire, * * *" to "before answer * * *." S.L. 1909, ch. 283, § 2 restored the phrase so that it read "before the time for answering expires * * *." The language has remained the same since. The *Irwin* court viewed the 1909 amendment as significant in ascertaining legislative intent.

for answering." 26 S.D. at 453, 128 N.W. at 619. Instead the *Irwin* court concluded, the "time for answering" means the time for answering, *as fixed by statute*:

> "To give the language of the statute the construction contended for by appellant leaves it too vague and uncertain as to the time when the application should be made." 26 S.D. at 454, 128 N.W. at 619.

In *Herron v. Fox*, 67 S.D. 36, 288 N.W. 459 (1940), this court was again required to construe the phrase "before the time for answering expires" contained in the venue statute SDCL 15–5–10 now before us [then SDC 33.0305]. In *Herron* defendant served demand for change of venue, later answered, and still later applied to the court for change of venue. All of this was done within thirty days after service of summons and complaint. Plaintiff, however, urged the court to hold that defendants could not apply for a change of venue subsequent to answer. Consistent with the *Irwin* construction of the statute, *Herron* held, in effect, that defendants had thirty days to apply, regardless of when they answered. *Herron* concludes that the time within which to assert the "important" right to a change of venue "should not be rendered uncertain * * *." *Herron* supports the *Irwin* rationale.[9]

Scherle points out that new rules of civil procedure were adopted in 1939 [then SDC 33.0101 *et seq.*; now SDCL 15–6–1 *et seq.*]. He argues that these rules were intended "to allow parties to conduct their litigation so as not to cause any right to be lost due to any alleged failure to comply with technicalities." He also refers to the purpose of the rules, as expressed in the preamble [SDCL 15–6–1]: "[T]o secure the just, speedy and inexpensive determination of every action." He concludes that *Irwin* should be overruled as reflecting a statutory construction overly technical and inconsistent with our current rules of civil procedure.

Scherle does not contend that the period of thirty days after service of summons and complaint is too short a time to comply with SDCL 15–5–10 in applying for a change of venue. Nor may he logically argue that a time limit subject to extension by agreement of counsel (and without prior court approval) for an indefinite and perhaps lengthy period, is more likely to secure the "speedy" determination sought by the new rules of civil procedure. Because the *Irwin* interpretation of the statute [now SDCL 15–5–10] does make certain the time within which a party may comply, because the time permitted is reasonable, because the rule seems more likely to expedite determination of the "important" right for change of venue, where asserted, and because the alternative construction of the statute is more likely to allow, in some cases at least, unnecessary delay in the determination, contrary to the spirit of our current rules of procedure, we conclude that we should uphold and adhere to the statutory construction pronounced in *Irwin v. Taubman*, 26 S.D. 450, 128 N.W. 617 (1910).

Affirmed.

All the Justices concur.

---

**9.** And see *Midwest Oil Co. v. Olson*, 66 S.D. 90, 278 N.W. 544 (1938); *Barbour v. Fidler*, 31 S.D. 351, 141 N.W. 88 (1913). See also *Salsberry v. Connolly*, 43 Nev. 182, 183 P. 391 (1919).