Ed MIEDEMA, Plaintiff and Appellee,

v.

GREAT PLAINS PRODUCTION CREDIT ASSOCIATION, Defendant,

and

Darrel Batie, Defendant and Appellant.

No. 12758.

Supreme Court of South Dakota.

Submitted on Briefs March 13, 1980.

Decided April 30, 1980.

Thomas E. Alberts of Engel & Alberts, Avon, for plaintiff and appellee.

Philip N. Hogen, Kadoka, for defendant and appellant.

DUNN, Justice.

Defendant Darrel Batie appeals from the denial of his demand for change of venue. We affirm.

This action was brought by plaintiff Ed Miedema, a Bon Homme County farmer, in Bon Homme County against defendants Great Plains Production Credit Association (PCA), a Bennett County financial institution, and Darrel Batie, a Washabaugh County rancher, seeking the recovery of the purchase price of 84 cows that Miedema sold to Batie. Miedema's complaint was served on Batie in Washabaugh County on November 25, 1978. On November 27, 1978, Batie's counsel prepared a demand for change of venue alleging that Batie was entitled to have the venue of the action changed to the county of his residence (then Washabaugh County, now Jackson County

pursuant to merger) in accordance with SDCL 15–5–6. This demand was sent to the circuit court with a proposed order to show cause seeking a hearing date on the demand for change of venue. No notice of this demand was served upon Miedema or his counsel, nor was any attempt made to negotiate a stipulation for change of venue with him prior to approaching the court.

The court entered the order to show cause on November 29, 1978, and set hearing thereon for December 12, 1978. It was not until November 30, 1978, that Batie's counsel made service by mail on Miedema's counsel of the demand for change of venue, affidavit in support of the demand, and the court's order to show cause. On December 1, 1978, in response to the demand for change of venue, Miedema's counsel served his affidavit in resistance to Batie's demand for change of venue. On December 18, 1978, the PCA joined Batie's demand for change of venue by filing affidavits with the court.

On January 26, 1979, the court denied defendants' demand for change of venue. The court found that defendants did not comply "with Section 15–5–10, of the 1967 South Dakota Compiled Laws; in that prior to their time for answering the amended complaint, they failed to personally notify the Plaintiff or counsel of their desire for a change of venue * * *." This appeal followed.

The only issue presented is whether Batie was required to afford Miedema an opportunity to consent to a change of venue, and if so, whether Batie failed to do so. There is a long line of case authority holding that failure of a defendant to attempt to obtain plaintiff's consent to a change of venue before approaching a court results in denial of the motion. *Midwest Oil Co. v. Olson*, 66 S.D. 90, 278 N.W. 544 (1938); *Gotthelf v. Merchants Bank*, 33 S.D. 259, 145 N.W. 542 (1914); *Barbour v. Fidler*, 31 S.D. 351, 141 N.W. 88 (1913); *Smail v. Gilruth*, 8 S.D. 287, 66 N.W. 452 (1896).

In discussing the *Barbour* case, the court in *Midwest Oil Co. v. Olson*, 66 S.D. 90, 92–93, 278 N.W. 544, 545, stated:

[N]o effort or request or demand of any kind was made to obtain the consent * * to a transfer of the case to the proper county, and it was because of the failure to make such effort that we held that the court was without jurisdiction to make the order transferring the cause * *.

In *Gotthelf v. Merchants Bank*, 33 S.D. 259, 262, 145 N.W. 542, 543, the court stated:

[W]hen a defendant moves for a change of venue, the affidavit upon which his motion is made must show that he has already served upon plaintiff the written demand, and that defendant, though given an opportunity to consent to such change in one or the other of the methods provided by the statute, has neglected or refused to consent to such change * *.

These cases address factual situations nearly identical to that in the instant case, and we view them as controlling precedents.

The order of the trial court denying defendants' motion for change of venue is affirmed.

All the Justices concur.