1997 SD 117

**Donald NIELSEN, Plaintiff and Appellee,**

v.

**George BOOS, Individually, Boos & Boos, a Partnership, Capital Insurance Group, Inc., n/d/b/a First Auto & Casualty Ins. Co., a Wisconsin Corporation, Petitioners and Appellants.**

Nos. 19955, 19958.

Supreme Court of South Dakota.

Considered on Briefs Sept. 9, 1997.

Decided Oct. 8, 1997.

Steven M. Johnson, Mark F. Marshall of Johnson, Heidepriem, Miner & Marlow, John R. Hughes of Hughes & Landon, Sioux Falls, for plaintiff and appellee.

Edwin E. Evans, Melissa C. Hinton of Davenport, Evans, Hurwitz & Smith, L.L.P., Sioux Falls, for appellants Boos.

Reed Rasmussen of Siegel, Barnett & Schutz, Aberdeen, for appellant Capital Insurance.

KONENKAMP, Justice.

[¶ 1.] To determine proper venue, we must decide whether a complaint alleging bad faith refusal to settle within policy limits is an action in tort or indemnity. Donald Nielsen, a resident of Deuel County, brought suit in Minnehaha County against his insurance carrier and former attorney, seeking to recover damages after a verdict against him in excess of policy limits. Defendants moved to change venue to Grant County, where they resided and conducted business. Concluding Nielsen had an indemnity claim, the circuit court transferred the case to Deuel County. We reverse and remand because the complaint sounds in tort and, therefore, the court applied the wrong venue statute.

**Facts**

[¶ 2.] David Dahl sued Nielsen for injuries Nielsen caused in an automobile accident. Nielsen was insured by the Capital Insurance Group, with liability limits of $250,000.[1] Capital hired attorney George B. Boos, a resident of Grant County, to defend Nielsen. Dahl offered to settle his claim for the policy limits and later reduced his offer to $225,000. Capital rejected both.

[¶ 3.] In May 1996, a Deuel County jury returned a $650,000 verdict for Dahl. Nielsen then brought this action in Minnehaha County against Boos and Capital. Nielsen's complaint alleged legal malpractice against Boos, and negligent infliction of emotional distress and bad faith refusal to settle against Capital. Boos and Capital demanded a change of venue to Grant County. Though agreeing Minnehaha County was an improper venue, the circuit court denied their motions, and instead transferred the case to Deuel County, as actions for indemnity are venued where the indemnified resides or "where such liability or loss indemnified" occurred. SDCL 15–5–5. We allowed intermediate appeal to answer the question

whether Nielsen's complaint for bad faith refusal to settle alleges an action in tort or indemnity.

**Analysis and Decision**

[¶ 4.] We look to the face of the complaint to determine venue. *SDDS, Inc. v. State,* 502 N.W.2d 852, 858 (S.D.1993) (Henderson, J., dissenting); *Hills Materials Co. v. Van Johnson,* 316 N.W.2d 646, 648 (S.D.1982); *Kreager v. Blomstrom Oil Co.,* 298 N.W.2d 519, 520 (S.D.1980). Venue may lie in more than one county. *Hills Materials Co.,* 316 N.W.2d at 648. A plaintiff's choice of venue will usually control, absent a statute requiring another location. *Putnam Ranches, Inc. v. O'Neill Prod. Credit Ass'n,* 271 N.W.2d 856, 859 (S.D.1978); SDCL ch. 15–5. Trial courts have discretion to change venue "[w]hen the county designated for that purpose in the complaint is not the proper county[.]" SDCL 15–5–11(1). Upon a timely motion, however, courts possess no discretion to deny a change to the only county where venue correctly lies. *SDDS, Inc.,* 502 N.W.2d at 857; *see American Adv. Co. v. State,* 280 N.W.2d 93, 95 (S.D.1979); *Putnam Ranches,* 271 N.W.2d at 859; *Nedved v. Nedved,* 59 S.D. 161, 162, 238 N.W. 643 (1931).

[¶ 5.] Nielsen contends the gravamen of his complaint is indemnity, thus venue belongs in Deuel County under SDCL 15–5–5, dealing with actions on contracts and indemnity bonds.[2] Although the controversy derives from an insurance contract, that alone will not ordain Nielsen's action as one for indemnity.

> The fundamental character of the relationship between a liability insurance company and its insured is a consensual transaction which is manifested by the coverage terms set forth in an insurance policy—that is, the rights and liability of both the insured and the insurer are predicated on a contractual relationship which is set forth in a

---

**1.** Before it was dissolved in February 1995, Capital was a South Dakota company located in Grant County. Capital was acquired by a Wisconsin corporation in January 1995, and is now doing business as First Auto & Casualty Insurance Company.

**2.** SDCL 15–5–5 provides: "Actions on contracts, surety bonds, or bonds of indemnity or liability,

other than those referred to in § 15–5–4, issued by any such company or companies shall be brought and tried in the county where the indemnified resides at the time said action is commenced; or in the county where such liability or loss indemnified by such contract or bond occurred."

document prepared by the insurer. However, an insurance company's obligation regarding settlement has frequently been viewed as a breach of a duty to the insured that sounds in tort, rather than as a claim that is based on breach of the insurance contract.

Robert E. Keeton and Alan I. Widiss, *Insurance Law* § 7.8, at 878 (1988) (footnotes omitted). As this case illustrates, "[t]here are some situations in which the classification of the theoretical basis for a claimant's rights may prove to be a matter of critical significance." *Id.* This action is not premised on the express terms and provisions of the insurance policy. In the narrowest sense, Capital fulfilled its contractual obligations to provide a defense and to pay any judgment entered against its insured up to the policy limits. *See Newhouse by Skow v. Citizens Sec. Mut. Ins. Co.*, 176 Wis.2d 824, 501 N.W.2d 1, 6 (1993); *Alyas v. Gillard*, 180 Mich.App. 154, 446 N.W.2d 610, 613 (1989). Nevertheless, Nielsen believes bad faith refusal to settle may create an action in either tort or contract. *See, e.g. Crisci v. Security Ins. Co.*, 66 Cal.2d 425, 58 Cal.Rptr. 13, 426 P.2d 173 (1967) (an insured has a choice of asserting a tort or a contract claim); *Comunale v. Traders & General Ins. Co.*, 50 Cal.2d 654, 328 P.2d 198 (1958) (action sounds in both contract and tort).

[¶ 6.] In South Dakota, claims against insurers for bad faith have often been categorized as torts. *See Julson v. Federated Mut. Ins. Co.*, 1997 SD 43, ¶ 6, 562 N.W.2d 117, 119–120; *Walz v. Fireman's Fund Ins. Co.*, 1996 SD 135, ¶ 7, 556 N.W.2d 68, 70; *Isaac v. State Farm Mut. Auto. Ins. Co.*, 522 N.W.2d 752, 763 (S.D.1994) (bad faith claim tortious in nature—"not an action against an insurance company on a policy of insurance within the contemplation of SDCL 58–12–3."); *Crabb v. National Indem. Co.*, 87 S.D. 222, 205 N.W.2d 633, 639 (1973) ("gist of the action is tortious in nature"); *Kunkel v. United Sec. Ins. Co. of New Jersey*, 84 S.D.

116, 168 N.W.2d 723, 733 (1969). Yet, regardless of whether one may assert tort or contract as a basis for recovery in a bad faith case, looking to the complaint, as we must, each count avers a tort, rather than indemnity or contract.[3] By the theory of his complaint, Nielsen has chosen his venue. SDCL 15–5–5, governing indemnity cases, will not sanction venue in Deuel County. Likewise, SDCL 15–5–8 is inapposite. Although that statute applies to actions for "damages to persons or property," its coverage encompasses only physical injuries. *Kayser v. Nelson*, 44 S.D. 533, 184 N.W. 361 (1921).

[¶ 7.] If a cause of action falls under no other statute, SDCL 15–5–6 furnishes a "fallback" to determine venue.

In all other cases, except as provided in § 15–5–7 or 15–5–8, the action shall be tried in the county in which the defendant or defendants, *or any of them*, shall reside at the commencement of the action. However, if none of the defendants reside in the state, the action may be tried in any county which the plaintiff shall designate in his complaint, subject, however, to the power of the court to change the place of trial in the cases provided by statute.

SDCL 15–5–6 (emphasis added). Grant County is the proper venue because Boos was a resident there at the commencement of this action.

[¶ 8.] Reversed and remanded with instructions to change venue to Grant County.

[¶ 9.] MILLER, C.J., and SABERS, AMUNDSON and GILBERTSON, JJ., concur.

---

**3.** Count One avers negligence against Defendant Boos individually. Count Two alleges the same theory against Defendant Boos & Boos Partnership. Count Three seeks to recover against Defendant Capital for negligently failing to give equal consideration to the interests of Nielsen, its insured. Count Four alleges Capital negligently inflicted emotional distress. Lastly, Count Five seeks punitive damages against Capital.