1998 SD 64

**Herbert KOLB, Plaintiff and Appellee,**

v.

**Todd R. MONROE, M.D. and Northern Plains Family Foot Clinic, Defendants and Appellants.**

No. 20289.

Supreme Court of South Dakota.

Considered on Briefs June 3, 1998.

Decided June 24, 1998.

Steven M. Johnson and Chad W. Swenson of Johnson, Heidepriem, Miner, Marlow & Janklow, Sioux Falls, for plaintiff and appellee.

Carleton R. Hoy and James L. Hoy of Hoy and Hoy, Sioux Falls, for defendants and appellants.

PER CURIAM.

[¶ 1.] Defendants, Todd R. Monroe, M.D. and Northern Plains Family Foot Clinic (collectively referred to as Monroe), appeal from an order denying their motion for a change of venue. We affirm.

FACTS

[¶ 2.] Dr. Monroe, a podiatrist in Aberdeen, Brown County, South Dakota, performed surgery on Plaintiff Herbert Kolb's right heel at the Northern Plains Family Foot Clinic in Aberdeen on December 28, 1994. As a result of complications arising from this surgery and post-operative care, Kolb, a resident of Brown County, filed a medical malpractice action against Monroe in Minnehaha County.

[¶ 3.] Kolb filed his action on October 3, 1996. Monroe admitted service of the summons and complaint on October 9, 1996. Two days later, Monroe sent Kolb a demand for change of venue to Brown County by consent pursuant to SDCL 15–5–10. This demand was filed with the trial court on October 15, 1996. The final two paragraphs of the demand read:

> Pursuant to SDCL 15–5–10, defendant hereby demands that the trial in this action be held in the proper county, to wit, Brown County, South Dakota, and hereby makes demand upon the plaintiff for a change of venue by consent of the parties which is provided by SDCL 15–5–10.

> In the event plaintiff wrongfully withholds such consent to a transfer of venue, then defendant will thereafter seek the change of venue by order of the Court on such terms as may be ordered pursuant to SDCL 15–5–13.

[¶ 4.] By stipulation, the parties extended the time for Monroe's answer to Kolb's complaint after expiration of the thirty-day period provided by SDCL 15–6–12(a). On January 17, 1997, Monroe served Kolb with a motion to dismiss the action and answer to the complaint. Monroe filed this document with the trial court five months later, on June 20, 1997.

[¶ 5.] On June 16, 1997, Monroe filed a notice of hearing on their demand for a change of venue, notifying Kolb that a hearing on the matter would be held August 8, 1997. This notice provided, in relevant part:

Defendants, by and through their counsel of record, hereby move the Court for transfer of venue pursuant to SDCL 15–5–6 or 15–5–8. This motion is based upon the pleadings, and upon all of the file materials, entitling these Defendants to a transfer of venue.

Following the hearing, the trial court denied Monroe's motion for venue change on grounds that it was not filed within the statutory period allowing a change of venue as a matter of right. Monroe petitioned this Court for intermediate appeal of the trial court's order, which we granted.

## ANALYSIS AND DECISION

[¶ 6.] SDCL 15–5–10 provides:

If the county designated for that purpose in the complaint is not the proper county, the action may, notwithstanding, be tried therein *unless* the defendant, *before the time for answering expires,* demands in writing that the trial be had in the proper county, and the place of trial thereupon changed by the consent of the parties or by order of the court, as provided in § 15–5–11.

(emphasis added). SDCL 15–5–11 permits a trial court to change the place of trial where the county designated in the complaint is not the proper county, where there is reason to believe an impartial trial cannot be had in the designated county, or where the convenience of witnesses and ends of justice would be promoted by such a change. "Upon a timely motion ... courts possess no discretion to deny a change to the only county where venue correctly lies." *Nielsen v. Boos,* 1997 SD 117, ¶ 4, 571 N.W.2d 653, 654 (citations omitted).

[¶ 7.] It is well settled that the parties' stipulated extension of time for Monroe to file an answer to Kolb's complaint does not alter the time within which application for a change of venue is required to be made pursuant to SDCL 15–5–10. *Williams Ins. v. Bear Butte Farms Partnership,* 392 N.W.2d 831, 833 (S.D.1986); *Blair v. Scherle Irrigation Sales, Inc.,* 252 N.W.2d 320, 322

(S.D.1977); *Midwest Oil Co. v. Olson,* 66 S.D. 90, 278 N.W. 544 (1938); *Irwin v. Taubman,* 26 S.D. 450, 128 N.W. 617, 619 (1910). In this case, the time fixed by statute for Monroe to apply for venue change was November 4, 1996, a Monday.*

[¶ 8.] This Court's precedent establishes that Monroe had until this date to make demand for venue change, and, failing to obtain plaintiff's consent, make application to the court. Both requirements must have been met by the November 4, 1996 deadline. In *Barbour v. Fidler,* 31 S.D. 351, 356, 141 N.W. 88, 89 (1913), this Court instructed that:

If plaintiff consents to the change, he may indorse such consent on the demand or sign a stipulation to that effect, and the court will direct the change without further proceeding. On the other hand, if plaintiff refuses to give such consent, it then becomes incumbent upon the defendant, and before the time for answering expires, to make his application to the court. But this must be made in the regular way, either by motion or order to show cause, and after due and timely notice thereof to the plaintiff. There is nothing in the language of the statute to take the case out of the general rule, or to indicate that the proceeding in this matter is to be different from that governing ordinary motions or orders to show cause, and, in order to give the court jurisdiction, it is necessary that the plaintiff be given timely notice and an opportunity to be heard and rebut defendant's showing, if he can.

(applying the statutory precedent of SDCL 15–5–10 with nearly identical language, in relevant part). *Barbour* further instructed that, although application for a change of venue must be made with the court before the time for answering expires, "[i]t is not necessary that the application for a change of venue be heard or disposed of within the time for answering." 31 S.D. at 357, 141 N.W. at 89. In *Midwest Oil,* 278 N.W. at 544, this Court, applying the precedent statute and citing *Barbour* with approval, stated

---

* SDCL 15–6–6(a) provides if the last day of the applicable period of time is a Saturday, Sunday or legal holiday, "the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday."

"[i]f the 'demand in writing' and the application to the court are made within the time for answering, the statute, section 2328, in that respect is complied with." *See also Blair*, 252 N.W.2d at 321 (acknowledging that, pursuant to SDCL 15-5-10, defendant's demand to plaintiff and application to the court, following plaintiff's refusal to give his consent, must be made within time for answering).

[¶ 9.] Monroe claims he timely met both requirements by filing the demand for change of venue with the trial court on October 15, 1996. The question presented in this appeal is whether Monroe's demand constituted application for a court order as required by SDCL 15-5-10. There is no dispute Monroe's written demand met the requirement for change by consent of the parties. However, Kolb did not consent to change venue.

[¶ 10.] Applications to the court for an order are made in the form of motions. SDCL 15-6-7(b)(1). Black's Law Dictionary 1013 (6th ed.1990) defines "motion" as "[a]n application made to a court or judge for purpose of obtaining a rule or order directing some act to be done in favor of the applicant." Examination of the language of Monroe's demand, and in particular the final two paragraphs quoted above, gives no indication the document is an application or request for court action. Indeed, the final paragraph informs plaintiff that if consent is not forthcoming, Monroe will at some future time seek a court order to change venue to Brown County. Contrast the language in these paragraphs with the language in Monroe's notice of hearing filed with the trial court June 16, 1997:

> Defendants, by and through their counsel of record, hereby move the Court for transfer of venue pursuant to SDCL 15-5-6 or 15-5-8. This motion is based upon the pleadings, and upon all of the file materials, entitling these Defendants to a transfer of venue.

[¶ 11.] It is this notice of hearing which moved the trial court for an order transferring venue. As this document was filed some seven months after the thirty-day statutory deadline, Monroe waived his right to a change of venue under SDCL 15-5-10.

*Nielsen,* 1997 SD 117, ¶ 4, 571 N.W.2d at 654; *Williams Ins.,* 392 N.W.2d at 833. Moreover, he has failed to show the trial court abused its discretion in denying the motion.

[¶ 12.] We affirm.

[¶ 13.] MILLER, C.J., and SABERS, AMUNDSON, KONENKAMP and GILBERTSON, JJ., participating.